1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Arogant Hollywood
Alison Helen Fairchild
1308 E. Colorado Blvd.
Pasadena, CA 91106
Mobile: (323) 200-4449
Mobile: (626) 714-9527
Email: causeofaction40@gmail.com
Email: alisonhfairchild@gmail.com

2019 OCT -2 PM 3:08

FILED

# UNITED STATES DISTRICT COURT
## DISTRICT OF THE STATE OF CALIFORNIA
## CENTRAL DISTRICT, EASTERN DIVISION

AROGANT HOLLYWOOD,
ALISON HELEN FAIRCHILD,

            Plaintiff(s),

      vs.

storquest inc., btc-storquest llc, storquest
rancho cucamonga, storquest parker llc, tyrone
grace, alexis licea, john doe customer 1, john
doe customer 2, & DOES 1-10,

            Defendant(s),

ED CV 19 - 01890 - JGB (GJS)

**CIVIL RIGHTS COMPLAINT**

---

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**

**VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY  RELIEF for:  VIOLATION OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C. §§§§ 1981, 1983, 1985 & 1986];VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE & CONVERSION**

This lawsuit is brought due to violations by Defendants Storquest Inc., BTC-Storquest LLC, Storquest Rancho Cucamonga, Storquest Parker LLC, Tyrone DOE, John DOE Customer 1, John DOE Customer 2, JANE DOE, and Does 1-10, inter alia, violations of Plaintiffs' constitutional civil rights. Defendants' assistant manager Alexis Licea told Tyrone DOE that she was sexually harassed by Plaintiff Arogant Hollywood and that she wanted to file a police report for Plaintiffs' behavior. This incident demonstrates Defendants worked in concert and joint participation with law enforcement, proving a prima facie case for Defendants being  state actors.

Defendants were grossly negligent and showed no regard to the disabled Alison Helen Fairchild when they rented her two self-storage units that were extremely hot and not at all cool. Defendants violated state and federal ADA laws when they watched on camera but did nothing about Storquest Rancho Cucamonga customers JOHN DOE customer 1 and JOHN DOE customer 2 intentionally blocking Alison Helen Fairchild access to her self-storage units on at

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 2 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1   least three separate occasions.

2       Defendants violated Plaintiff Arogant Hollywood's constitutional civil rights when its

3   Anglo assistant manager requested that he move his belongings out of his two self-storage units

4   and find another self-storage facility, while Plaintiff Arogant Hollywood had engaged in no

5   prior wrongdoing. Defendants' assistant manager also stated that Alison Fairchild would have to

6   leave Storquest Rancho Cucamonga, and her refusal to do so would result in law enforcement

7   being called to trespass both Plaintiffs. It should be noted that Storquest manager Tyrone stated

8   that his district manager and assistant manager were working on getting a restraining order

9   against Arogant Hollywood because Storquest manager Alexis alleged that she was sexual

10   harassed by Plaintiff Arogant Hollywood.

11       At the time of said unconstitutional actions of Defendants, several Caucasian tenants of

12   Defendants' Storquest Rancho Cucamonga facility located at 11998 Arrow Route, were not

13   asked to leave Storquest Rancho Cucamonga's property.

14       At the time of said unconstitutional actions of Defendants, several non-handicapped

15   Storquest Rancho Cucamonga tenants of Defendants' 11998 Arrow Route self-storage facility

16   were not placed in a self-storage unit as miserably hot as the one rented by general manager

17   Tyrone to Plaintiff Arogant Hollywood on behalf of Alison Helen Fairchild. At the time of said

18   unconstitutional actions of Defendants, Plaintiffs' two self-storage units were paid for and

19   access to make further payments denied. In fact, at the time of said unconstitutional actions of

20   Defendants, many Caucasian and non-handicapped 11998 Arrow Route Storquest Rancho

21   Cucamonga tenants enjoyed the luxury of paying their rent while not being required to vacate

22   their real property self-storage unit.

23       Defendants' conduct is and was a pattern and practice of intentional exclusion of an

24   African-American man and his disabled fiancée, due to the protected characteristics of race,

25   gender, and disability in direct violation of provisions of the Americans with Disabilities Act of

26   1990 ("ADA"), 42 U.S.C. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C. §§§§

27   1981, 1983, 1985, and 1986, and the egregious actions undertaken by Defendants and/or those

28

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
−Page 3 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

acting under their association or affiliation with Defendants against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild, protected under the American Disabilities Act of 1990.

Defendants violated state laws by their negligence, negligent per se, negligent intentional infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy, fraud, and gross negligence. Defendants violated state law by discriminating against Plaintiff Arogant Hollywood based on his race and discriminating against Alison Helen Fairchild based on her disability.

Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African-American. Defendants discriminated against Plaintiff Hollywood by terminating his rental lease, refusing to accept rent and blocking Plaintiff access to Defendants' Rancho Cucamonga self-storage facility based on Plaintiff Hollywood being black. Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African American man by threatening to file for a restraining order based on his race. Defendants intentionally discriminated against Plaintiff Arogant Hollywood by conspiring to deny Plaintiff his right to not be denied possession of real property without due process of law. Defendants intentionally discriminated against Arogant Hollywood by conspiring to use the assistance of the city of Rancho Cucamonga police department to forcefully enter, potentially steal and remove his personal property. Defendants intentionally discriminated against Plaintiff Hollywood by threatening to have him arrested and physically removed by the city of Rancho Cucamonga police department's peace officers.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever, every time she attempted to request a reasonable public accommodation. Defendants intentionally discriminated against Ms. Fairchild and Defendants was grossly negligent by conspiring to instruct the city of Rancho Cucamonga police department's peace officers to unlawfully remove Plaintiff Fairchild from her self-storage property by using physical force. Defendants were grossly negligent by

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 4 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1  failing to modify and change their Storquest Rancho Cucamonga company policies to

2  accommodate Alison Helen Fairchild. Defendants intentionally discriminated against Alison

3  Helen Fairchild by conspiring to use the assistance of the city of Rancho Cucamonga police

4  department to forcefully enter, potentially steal and remove her personal property from her two

5  self-storage units.  Defendants intentionally discriminated against Plaintiff Alison Helen

6  Fairchild by conspiring, and then later actually denying Plaintiff Fairchild her right to not be

7  denied possession of real property without due process of law. Defendants were grossly

8  negligent by their general and assistant facility

9  managers requiring Plaintiff Fairchild to ask for a key to a locked restroom even though both

10  managers knew that she was a disabled woman confined to a wheelchair. Defendants

11  intentionally failed to accommodate Plaintiff Fairchild by unlocking their restroom whenever

12  they knew that Plaintiff Fairchild was on the property. Defendants intentionally discriminated

13  against Plaintiff Fairchild by not having any available parking spaces in the self-storage loading

14  and unloading areas of the property. Defendants intentionally discriminated against Plaintiff

15  Alison Helen Fairchild by threatening to request that the city of Rancho Cucamonga police

16  department peace officers physically remove her from their facility on or about June 9, 2019

17  despite her being cold, sick and legitimately waiting for an UBER ride.

18      Defendants intentionally discriminated against Alison Helen Fairchild when their general

19  manager Tyrone lied that Plaintiff Fairchild's self-storage unit (Unit # 342) would be cool after

20  Plaintiff Hollywood told Tyrone that his fiancée suffered from multiple sclerosis illness.

21      Defendants intentionally discriminated against Alison Helen Fairchild after its

22  management allowed several Storquest Rancho Cucamonga customers to park their vehicles and

23  personal belongings in front of her self-storage unit, Unit 342.

24      This lawsuit is brought due to violations by Defendants of, inter alia, violations of

25  Plaintiffs' constitutional civil rights. Defendants acted under the color of state law in that they

26  conspired to use the assistance of the city of Rancho Cucamonga police department to physically

27  remove Plaintiff Fairchild from her Storquest Rancho Cucamonga self-storage property.

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 5 of  157     *Arogant Hollywood, et al v. Storquest Inc., et al*

Defendants acted under the color of state law when they conspired to use the assistance of Rancho Cucamonga police department to deny Plaintiff Fairchild her right to be on the property of her self-storage unit on or about June 9, 2019. Defendant acted under the color of state law when they conspired to use the assistance of the city of Rancho Cucamonga police department to violate federal ADA and California disability laws.

This lawsuit is brought due to violations by Defendants of, inter alia, violations of Plaintiffs' constitutional civil rights. Defendants acted under the color of state law in that they conspired to physically get rid of all personal property of Plaintiffs Arogant Hollywood and Alison Helen Fairchild from their 11998 Arrow Route self-storage unit. Defendants acted under the color of state law when they conspired to use the assistance of the city of Rancho Cucamonga police department to deny Plaintiffs Arogant Hollywood and Alison Helen Fairchild their right to not be denied possession of real property without due process of law.

. Defendants acted under the color of state law when they conspired to use the assistance of the city of Montclair police department to violate state and federal civil rights statutes.

Defendants' conduct is and was a pattern and practice of intentional exclusion of a African-American man and his disabled fiancée, due to protected characteristics of race, gender, and disability in direct violation of provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12203, ET SEQ., the Civil Rights Act of 1964, 42 U.S.C. §§§§ 1981, 1982, 1985, 1986 and, and the egregious actions undertaken by Defendants and/or those acting under their association or affiliation with Defendants against a black man protected from discrimination under the above stated statutes, and a disabled woman named Alison Helen Fairchild.

Defendants violated state laws by their negligence, negligent per se, negligent intentional infliction of emotional distress, fraud, intentional infliction of emotional distress, civil conspiracy, and gross negligence.

Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African American. Defendants discriminated against Plaintiff Hollywood by refusing to accept his rent.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 6 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Defendants discriminated against Plaintiff Hollywood by terminating his rental lease agreement. Defendants intentionally discriminated against Plaintiff Arogant Hollywood, an African American by denying Plaintiff Hollywood access to his self-storage unit and refusing to permit Plaintiff Hollywood to be on Defendants' self-storage facility at any time.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever. by denying her a reasonable public accommodation every single time she made a request. Defendants intentionally discriminated against Plaintiff Fairchild by refusing to accept her rent. Defendants intentionally discriminated against Plaintiff Fairchild by denying Plaintiff Fairchild access to her two self-storage units and refusing to permit Plaintiff Fairchild to be on Defendants' 11998 Arrow Route self-storage facility at all. Defendants intentionally discriminated against Plaintiff Fairchild by conspiring to forcefully remove Plaintiff Fairchild's personal property from her Storquest Rancho Cucamonga self-storage unit. Defendants intentionally discriminated against Alison Helen Fairchild by conspiring to use the assistance of the city of Rancho Cucamonga police department to use force to physically remove Plaintiff Fairchild from her self-storage unit property.

Defendants intentionally discriminated against Plaintiff Fairchild by conspiring to use the assistance of the city of Rancho Cucamonga police department to deploy deadly force to remove Plaintiff Fairchild from her self-storage property.

Plaintiff Fairchild is a member of disabled persons protected under the federal laws of Title II of the American Disabilities Act of 1990.

Congress enacted the Civil Rights Act of 1964 to stop discrimination against minorities, including people of African American descent. The ADA was enacted because of pervasive discrimination against disabled persons and because discrimination is "a serious and pervasive social problem... [that includes] various forms of discrimination, including outright intentional exclusion." 42 U.S.C. § 12101 (a) (7). Congress explained, "individuals with disabilities are a discrete and insular minority who have been... relegated to a position of political powerlessness

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 7 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

in our society. "42 U.S.C. § 12101. Despite the political powerlessness disabled people have in our society when bringing civil rights suits against corporations, Plaintiffs Arogant Hollywood and Alison Helen Fairchild are determined to stop Defendants' discriminatory actions and omissions.

Defendants were negligent and grossly negligent by acting under the color of state law by conspiring with law enforcement to use the physical manpower of the city of Rancho Cucamonga police department to deny both Plaintiffs possession of real property without due process of law.

Defendants were negligent and grossly negligent by conspiring to force Plaintiff Arogant Hollywood and his fiancée Alison Helen Fairchild out their self-storage units by deactivating both Plaintiffs' self-storage facility gate codes.

Defendants were negligent and grossly negligent by violating Plaintiffs' 14th Amendment civil rights by conspiring to deny them possession of real property without due process of law.

Defendants were negligent and grossly negligent by violating Plaintiff Fairchild's constitutional civil rights protected under the American Disabilities Act.

Defendants were negligent and grossly negligent by violating Plaintiff Hollywood's constitutional civil rights protected under the Civil Rights Act of 1964.

All Defendants and Does 1-10's actions were done deliberately and intentionally with complete disregard of the welfare and civil rights of both Plaintiffs, and therefore, Plaintiffs Arogant Hollywood and Alison Helen Fairchild are entitled to punitive damages against all Defendants.

Defendants are a let's do whatever the heck we want to people, violate their civil rights and let them sue us later CORPORATION.

If Plaintiffs' had not of filed this lawsuit and requested an injunction all of their personal property located at 11998 Arrow Route, Unit # 342, Rancho Cucamonga, CA 91739 would be gone forever.

Plaintiffs are seeking $ **40,000,000** in total damages and punitive damages to make an

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 8 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

example out of Defendants who have violated civil rights of people of the United States far too many times, to count on two hands. See *Dennen v. Storquest* **(1:18-cv-02738)**, *Holbach v. The William Warren Group, Inc.* et al **(8:15-cv-01387),** and *Taylor v. Hayward Self=Storage* et al **(4:17-cv-01424)**.

Three separate lawsuits filed against Defendants in multiple federal district courts warrants the $ 40,000,000 in damages requested in this civil rights complaint. If Plaintiffs had not of filed this lawsuit Defendants' illegal and unconstitutional disposal of Plaintiffs' Storquest Rancho Cucamonga self-storage unit would have been just another day at the office.

Plaintiff Hollywood seeks a declaration that Defendants violated his clearly established constitutional rights as set forth in this civil rights complaint; a declaration that Defendants' restriction on Plaintiffs' speech violates the United States Constitution, and 42 U.S.C. § 1983, and nominal damages for the loss of Plaintiff's constitutional rights. Plaintiffs Arogant Hollywood and Alison Helen Fairchild also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

## I.   INTRODUCTION

1.   No man in this country is so high that he is above the law. No officer of the law may set that law at defiance of impunity. All of the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. *United States v. Lee, 106 U.S. 196 (1882).* Plaintiffs Arogant Hollywood and Alison Helen Fairchild were victimized by Defendants, its employees, its upper and district management, and its corporate upper management who acted under the color of state law by conspiring to employ the physical manpower of the city of Rancho Cucamonga police department to physically remove both Plaintiffs from its Storquest Rancho Cucamonga self-storage property. Defendants' cold-hearted and heartless managers conspired to violate the civil rights of Plaintiffs, threatened to have them both trespassed from Plaintiffs' real property self-storage unit, and both Storquest managers

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 9 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

conspired to illegally and unconstitutionally dispose of Plaintiffs' personal property. Plaintiffs Arogant Hollywood and Alison Helen Fairchild will be forever psychologically, mentally and emotionally damaged by the wrongful conduct and actions of Defendants.

2.    This is a civil rights action brought by Plaintiff Arogant Hollywood, a forty-year-old African American male, pursuant to 42 U.S.C. §§§§§ 1981, 1983, 1985, 1986, & 1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages and attorney's fees to vindicate profound deprivations of Plaintiff Hollywood's constitutional civil rights including but not limited to negligence, negligent per se, gross negligence, civil conspiracy, intentional infliction of emotional distress, fraud, and negligent intentional infliction of emotional distress.

3.    This is a civil rights action brought by Plaintiff Alison Helen Fairchild, a sixty-two-year-old Caucasian disabled female, pursuant to 42 U.S.C. §§§§§§ 12203, 1981, 1983, 1985, 1986, & 1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages and attorney's fees to vindicate profound deprivations of Plaintiff Fairchild's constitutional civil rights including but not limited to negligence, negligent per se, gross negligence, civil conspiracy, intentional infliction of emotional distress, fraud, and negligent intentional infliction of emotional distress.

4.    Plaintiff Arogant Hollywood suffered mental and emotional injuries as a result of Defendants' complete disregard to Plaintiff Hollywood's well-established constitutional rights. Plaintiff Hollywood has suffered emotionally because he has been worried about the invaluable and valuable possessions that belong to both him and his fiancée Alison Helen Fairchild. Plaintiff Arogant Hollywood has been very distressed out that he cannot make a payment on his Storquest Rancho Cucamonga self-storage unit. Plaintiff Arogant Hollywood has suffered intentional infliction of emotional distress based on eye witnessing firsthand the intentional

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 10 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

discrimination of his fiancée Alison Helen Fairchild. Plaintiff Arogant Hollywood has suffered intentional infliction of emotional distress by being told by Defendants' manager that a civil harassment restraining order was in the process of being filed against him. Plaintiff Arogant Hollywood has suffered emotionally by being told by Storquest Rancho Cucamonga's female assistant manager that both he and his fiancée Alison Fairchild must vacate their self-storage unit. All Defendants' actions were deliberate, intentional and done with evil intentions and complete disregard for Plaintiff Arogant Hollywood's constitutional civil rights.

5.      Plaintiff Alison Helen Fairchild suffered physical, mental and emotional injuries as a result of Defendants' complete disregard to Plaintiff Fairchild's well-established constitutional rights. Plaintiff Fairchild has suffered emotionally and became severely depressed because she is worried that she will never again see her personal property located at 11998 Arrow Route, Rancho Cucamonga, California. Plaintiff Fairchild suffered severe mental distress and anxiety when her fiancé Arogant Hollywood told her that Storquest Rancho Cucamonga's assistant manager had demanded that Plaintiff Alison Fairchild leave the property where her real property storage unit was located. Defendants' management demanded that Plaintiff Alison Helen Fairchild leave their facility even though Defendants' manager knew that Plaintiff Alison Fairchild had done nothing wrong to warrant her being kicked off Storquest Rancho Cucamonga's property located at 11998 Arrow Route, Rancho Cucamonga, CA 91739. Plaintiff Fairchild suffered physically when her self-storage unit became incredibly hot shortly after she arrived during at least three separate visits. Plaintiff Alison Helen Fairchild suffered physically and emotionally when during at least three separate visits her self-storage unit, Unit 342 was physically blocked by either a vehicle or Storquest tenants' personal property. All Defendants' actions were deliberate, intentional and done with evil intentions and complete disregard for Plaintiff Alison Helen Fairchild's constitutional civil rights.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 11 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

## FEDERAL CIVIL COMPLAINT & JURY TRIAL DEMAND OF AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD, INDIVIDUALLY

Plaintiffs **AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD** individually bring this action against Defendants Storquest Inc., BTC-Storquest LLC, Storquest Rancho Cucamonga, Storquest Parker LLC, Tyrone DOE, John DOE Customer, John DOE Customer 2, JANE DOE, and Does 1-10. The Plaintiffs hereby allege as set forth below:

## II.   SUBJECT MATTER JURISDICTION & ARTICLE III STANDING TO BRING FORTH THIS LAWSUIT

6.     To establish standings to maintain an action in federal district court, a plaintiff must allege: (1) injury in fact, (2) causation----"a fairly traceable connection between the plaintiff's harm and the complained of conduct of the defendant", and----------------(3) redressability -------"a likelihood that the requested relief will redress the alleged injury." See *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).*

7.     The Supreme Court has explained that "the irreducible constitutional minimum' of standing consists of three elements." See *Spokeo Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (quoting Lujan, 504 U.S. at 560).* A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision.

8.     Plaintiff Arogant Hollywood is an African American male that is a part of the protected class of the United States of America. Plaintiff Hollywood is protected under the civil rights act of 1964 and has filed this lawsuit on his behalf to redress civil rights violations by Defendants

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 12 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1  Storquest Inc., BTC-Storquest LLC, Storquest Rancho Cucamonga, Storquest Parker LLC,

2  Tyrone DOE, John DOE Customer, John DOE Customer 2, JANE DOE, and Does 1-10.

3  Plaintiff Hollywood alleges that Defendants' employees and management violated Plaintiff's

4  14th Amendment rights. Plaintiff Hollywood alleges that Defendants have racially discriminated

5  against Plaintiff in violation of U.S.C. § 1981. Plaintiff Hollywood alleges that

6  Defendants have conspired to interfere with Plaintiffs' constitutional 14th amendment rights by

7  using unconstitutional and illegal business tactics to trespass, revoke access to, and refuse to

8  grant Plaintiff Hollywood access to his Storquest Rancho Cucamonga real property self-storage

9  unit. Plaintiff Hollywood alleges that Defendants have conspired to interfere with Plaintiffs'

10  constitutional 14th amendment rights by using unconstitutional and illegal business tactics to

11  illegally dispose of Plaintiff Hollywood's personal property.

12

13  9.      Plaintiff Alison Helen Fairchild is a sixty-two-year-old disabled female that is a part of a

14  protected class of United States citizens under the American Disabilities Act of 1990. Plaintiff

15  Fairchild is protected under the American Disabilities Act of 1990 and has filed this lawsuit on

16  her behalf to redress civil rights violations by Defendants. Plaintiff Fairchild alleges that

17  Defendants have conspired to interfere with her constitutional 14th amendment rights. Plaintiff

18  Fairchild alleges that Defendants' employees and management personnel violated Plaintiff's 14th

19  Amendment rights. Plaintiff alleges that Defendants have discriminated against Plaintiff in

20  violation of U.S.C. § 1981 and the American Disabilities Act of 1990. Plaintiff Fairchild alleges

21  that Defendants has conspired to interfere with Plaintiffs' constitutional 14th amendment rights

22  by using unconstitutional and illegal business tactics to trespass, revoke access to, and refuse to

23  grant Plaintiff Fairchild access to her Storquest Rancho Cucamonga real property self-storage

24  unit. Plaintiff Fairchild alleges that Defendants have conspired to interfere with Plaintiffs'

25  constitutional 14th amendment rights by using unconstitutional and illegal business tactics to

26  dispose of all her personal property. Plaintiff Fairchild hereby alleges that Defendants violated

27  ADA federal laws and state laws by deliberately failing to keep their restrooms open during

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 13 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

business hours and maintain handicap parking where Fairchild needed to load and unload her personal property located at 11998 Arrow Route, Montclair, CA 91762. Plaintiff Alison Fairchild hereby alleges that Defendants' violated ADA laws by her two self-storage unit being inaccessible. Plaintiff Alison Fairchild hereby alleges that Defendants violated ADA laws by turning a blind eye when their Storquest Rancho Cucamonga tenants deliberately blocked Plaintiff access to her self-storage unit (Unit # 342) on numerous occasions. Plaintiff Fairchild hereby alleged that Defendants deliberately violated ADA laws by making access to the self-storage facility's restroom and office inaccessible.

## III.   PARTIES TO THE ACTION

10.   Plaintiff **AROGANT HOLLYWOOD (hereinafter "Plaintiff Hollywood", "Plaintiff Arogant Hollywood" or "Hollywood")** is a resident of Ontario, California and Covina, California. At all relevant times stated throughout this federal civil rights complaint Plaintiff Hollywood was a commercial real estate tenant at Storquest Rancho Cucamonga, located at 11998 Arrow Route, Rancho Cucamonga, CA, 91762, located in the city limits of Rancho Cucamonga, CA, 91739, *Unit # 342.* At all times relevant hereto, and stated throughout this lawsuit, Arogant Hollywood was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America. Plaintiff Hollywood had a lease agreement with Defendants' Storquest Rancho Cucamonga.

11.   Plaintiff **ALISON HELEN FAIRCHILD (hereinafter "Plaintiff Fairchild" or "Fairchild")** is a resident of Ontario, California and Covina, California. At all relevant times stated throughout this federal civil rights complaint Plaintiff Fairchild was a non-tenant owner of 80% of all personal property stored at Storquest Rancho Cucamonga, located at 11998 Arrow Route, Rancho Cucamonga, CA, 91739, located in the city limits of Rancho Cucamonga, CA, 91739, *Unit # 342.* At all times relevant hereto, and stated throughout this lawsuit, Alison Helen

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 14 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1  Fairchild was an individual over the age of 18 years-old, a resident of the state of California, and
2  a citizen to the United States of America. Plaintiff Fairchild does not have a lease agreement
3  with Defendant Storquest Rancho Cucamonga. Plaintiff Fairchild has an interest of this lawsuit
4  through her use of Defendants' facility, her restrictions of use and discrimination forbidden by
5  the American Disabilities Act of 1990. Plaintiff Fairchild is a proper and appropriate party and
6  Plaintiff of this lawsuit through her use of Defendants' Storquest Rancho Cucamonga facility,
7  her restrictions of use, and discrimination forbidden by the American Disabilities Act of 1990.

9  12.      Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a
10 "physically disabled person", and a "person with physical disabilities" (hereinafter the terms
11 "physically disabled", "physically handicapped" and "person with physical disabilities" are used
12 interchangeably, as these words have similar or identical common usage and legal meaning, but
13 the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically
14 handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other
15 statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff
16 **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all
17 applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage,
18 chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint
19 inflammation, pain and swelling. In addition, Plaintiff Fairchild suffers from and was diagnosed
20 with multiple sclerosis, which attacks her brain, and during intense emotional distress, leads to
21 migraines caused by addition legions formed on her brain. Plaintiff **ALISON HELEN**
22 **FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff
23 **ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are
24 protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public
25 Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil
26 Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the
27 Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 15 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

13.     Defendant **Storquest Inc. (hereinafter "Defendant Storquest" or Defendant Storquest Inc.")** is a real estate investment trust (REIT). The company's principal business activities include the ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use, ancillary activities, such as merchandise sales and tenant reinsurance to the tenants at its self-storage facilities, as well as the acquisition and development of additional self-storage space. Storquest Inc. does not have a corporation established under its name in the state of California. Defendant Storquest Inc. has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant Storquest Inc. violated Title VIII of the Civil Rights Act of 1964. Defendant Storquest owns, manages, franchises or licenses a public accommodation known as Storquest Rancho Cucamonga, located at 11998 Arrow Route, Rancho Cucamonga, CA, 91739.

Storquest Inc. and Storquest Rancho Cucamonga are wholly owned subsidiaries of their parent company The William Warren Group, Inc. **(California Secretary of State Entity Number: C1916600.**

Defendant Storquest Inc. owns and operates approximately 123 Storquest self-storage facilities across fourteen U.S. states. Defendant Storquest Inc. is headquartered in Santa Monica, CA and its jurisdiction lies within the state of California.

14.     Defendant BTC-STORQUEST LLC **(hereinafter "Defendant BTC or "Defendant BTC-STORQUEST")** is a real estate investment trust (REIT). The company's principal business activities include the ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use, ancillary activities, such as merchandise sales and tenant reinsurance to the tenants at its self-storage facilities, as well as the acquisition and development of additional self-storage space. Defendant BTC is a California limited liability corporation established under its name in the state of California **(California Entity # 200204610033)**. Defendant BTC=STORQUEST is headquartered in Santa Monica, CA and its jurisdiction lies within the state of California.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 16 of  157     *Arogant Hollywood, et al v. Storquest Inc., et al*

Defendant BTC-STORQUEST has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant BTC-STORQUEST violated Title VIII of the Civil Rights Act of 1964. Defendant BTC-STORQUEST LLC owns, manages, franchises or licenses a public accommodation known as Storquest Rancho Cucamonga, located at 11998 Arrow Route, Rancho Cucamonga, CA, 91739.

15.     Defendant STORQUEST PARKER LLC **(hereinafter "Defendant Parker" or "Defendant Storquest Parker LLC")** is a real estate investment trust (REIT). The company's principal business activities include the ownership and operation of self-storage facilities, which offer storage spaces for lease, generally on a month-to-month basis, for personal and business use, ancillary activities, such as merchandise sales and tenant reinsurance to the tenants at its self-storage facilities, as well as the acquisition and development of additional self-storage space. Defendant Storquest Parker is a California limited liability corporation established under its name in the state of California **(California Entity # 200231210055)**. Defendant Storquest Parker LLC is headquartered in Santa Monica, CA and its jurisdiction lies within the state of California. Defendant Storquest Parker has violated ADA laws pursuant to 42 U.S.C. §§ 12101 and 12203. Defendant Storquest Parker violated Title VIII of the Civil Rights Act of 1964. Defendant Storquest Parker LLC owns, manages, franchises or licenses a public accommodation known as Storquest Rancho Cucamonga, located at 11998 Arrow Route, Rancho Cucamonga, CA, 91739.

16.     **Defendant TYRONE DOE (hereinafter "Defendant Tyrone" or "Defendant Tyrone DOE")** is an individual over the age of 18 years-old and a citizen of the United States of America. Defendant Tyrone DOE is the general manager of Storquest Rancho Cucamonga located at 11998 Arrow Route, Rancho Cucamonga, CA

17.     Defendant **JOHN DOE CUSTOMER 1 (hereinafter "Defendant Customer 1" or**

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 17 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

**Defendant JOHN DOE CUSTOMER 1")** is a Caucasian male over the age of 18 years-old and a citizen of the United States of America. At all times relevant and stated throughout this civil rights complaint Defendant JOHN DOE CUSTOMER 1 was engaged in activities that violated the civil rights of Arogant Hollywood and Alison Helen Fairchild.

18.     Defendant **JOHN DOE CUSTOMER 2 (hereinafter "Defendant Customer 2" or Defendant JOHN DOE CUSTOMER 2")** is a Caucasian or Anglo male over the age of 18 years-old and a citizen of the United States of America. At all times relevant and stated throughout this civil rights complaint Defendant JOHN DOE CUSTOMER 2 was engaged in activities that violated the civil rights of Arogant Hollywood and Alison Helen Fairchild.

19.     Defendant **ALEXIS LICEA (hereinafter "Defendant Licea" or "Defendant Alexis Licea")** is an individual over the age of 18 years-old and a citizen of the United States. Defendant Alexis Licea is an assistant manager at Defendants' Storquest Rancho Cucamonga.

20.     Plaintiffs are unaware of the true names of Defendants listed as DOES 1 through 10, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiffs will amend this civil rights complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiffs are informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiffs in some manner for the events, happenings, and contention referred to in this civil rights complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

21.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believe and thereon allege that each Defendant, including DOES 1 through 10 was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 18 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiffs are informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiffs' damages as alleged in this civil rights complaint were proximately caused by those defendants.

22.     The allegations of this civil rights complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. Such as the issuance of subpoenas duces tecum, the taking of oral depositions, Requests for Admission and Special Interrogatories. All of which Plaintiffs' intend to conduct after Rule 26(f) conference.

## IV.   **CONTINUING VIOLATIONS**

23.     The wrongful acts and omissions giving rise to the Defendants' liability in this action commenced on or about May 31, 2019 and have been and are "continuing" in nature as of the date of filing of this civil rights complaint. Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore reserve the right to amend this civil rights complaint as new and additional facts and claims arise or become known to Plaintiffs.

## V.   **JURISDICTION AND VENUE**

24.     This action arises from a violation, inter alia, of Title III of the Americans with

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 19 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Disabilities Act, 42 U.S.C. §§ 12101, 12203, *et seq.*, discrimination in violation of the Civil Rights Act of 1964, Title VIII of the Civil Rights Act of 1964; 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiffs seek redress of violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court. Plaintiffs allege that Defendants acted under the color of state law, and in addition violated Plaintiffs' rights to make and enforce contracts. This court has jurisdiction because Plaintiffs allege not only a violation of their constitutional civil rights, but Plaintiffs make allegations of violation of their 14th Amendment rights as well.

25.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

26.     Venue is proper pursuant to 28 U.S.C. § 1391 because at least one of the defendants resides within this District and because all the acts for which Plaintiffs complains occurred in the city of Rancho Cucamonga, CA, within the State of California.

27.     Personal jurisdiction is proper over each of the defendants because they are either domiciled in the State of California and/or have regularly transacted business in the state.

28.     To maintain an action under 42 U.S.C. § 1985, Plaintiffs Arogant Hollywood and Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Mr. Hollywood and Ms. Fairchild from seeking relief under the Civil Rights Act, when the Complaint otherwise states a claim. See *Hazzard v. Weinberger, 383 F. Supp 255 (1974), affirmed 512 F.2d 1397 (2nd Cir. 1975)* or state court remedies *(Burt v. City of New York, 156 F.2d 791 (1946))*.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 20 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

29.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild reserve their right to amend this civil rights complaint to include state cause of actions coercion, unfair business practices, breach of contract, misrepresentation, trespass, theft of property, and any other claims for relief \ related to the allegations stated throughout this civil rights complaint.

## VI.   STATEMENT OF FACTS
### A.    FACTUAL BACKGROUND

### GENERAL ALLEGATIONS OF COMPLAINT ON BEHALF OF BOTH PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD

30.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild were forced to leave their Storquest Rancho Cucamonga self-storage unit facility and have been unable to make a payment on their self-storage unit since June 2019.

### B.    PLAINTIFF HOLLYWOOD RENTS SELF-STORAGE UNITS # 342 &

31.     On or about May 31, 2019 Plaintiff Arogant Hollywood signed a lease with Defendants' Storquest Rancho Cucamonga located at 11998 Arrow Route, Rancho Cucamonga, California, 91739. On this particular day Hollywood paid a total of $ 536.00 before insurance costs, which paid up his two self-storage unit until July 1, 2019.

32.     Prior to renting two separate self-storage units Arogant Hollywood asked Storquest Rancho Cucamonga general manager Tyrone if the two self-storage units were climate controlled. Hollywood told Tyrone that his fiancée Alison Helen Fairchild was confined to a wheelchair and suffered from multiple sclerosis. Hollywood told Tyrone that his fiancée was very sensitive to heat. Tyrone then replied: *"Don't worry, your unit stays cool all year around.*

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 21 of 157          *Arogant Hollywood, et al v. Storquest Inc., et al*

***This side of our facility is very cool, even in the summertime.*"** Based on the statements made by Defendants' general manager, Hollywood decided to rent two Rancho Cucamonga Storquest self-storage units on or about May 31, 2019.

33.     On June 2, 2019 at approximately 1:30 p.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild arrived at Defendants' Rancho Cucamonga self-storage facility located at 11998 Arrow Route, Rancho Cucamonga, California, 91739. Plaintiffs were traveling inside of a Lyft vehicle and the Lyft driver followed the car in front of him to enter Defendants' facility. Upon arriving inside of Defendants' facility there was a vehicle and several boxes parked in front of Unit # 342. When Hollywood asked the man to move his car and belongings from in front of Plaintiffs' self-storage unit the Storquest tenant replied that he did not have to.

34.     On June 2, 2019 at approximately 1:50 p.m. Plaintiff Hollywood went to the front office to complain about the man that had parked belongings in front of his and Alison Fairchild's self-storage unit (Unit # 342). The Storquest manager working was Alex Licea. Ms. Licea told Hollywood that the tenant parked in front of Plaintiffs' self-storage unit was a long-time tenant and she was therefore there not going to request that the tenant move his vehicle and personal property from in front of Plaintiffs' self-storage unit. Hollywood told Ms. Licea that by allowing tenants to park in front of his self-storage units that she was choosing to deliberately violate the civil rights of Alison Helen Fairchild.

35.     On June 2, 2019 at approximately 2:10 p.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild left Defendants' self-=storage facility without even putting any of the personal belongings brought with them, as they were both unable to access their self-storage unit, Unit # 347.

36.     On or about June 5, 2019 at approximately 5:00 p.m. Plaintiffs Arogant Hollywood and

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 22 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Alison Helen Fairchild arrived at Defendants' self-storage facility located at 11998 Arrow Route, Rancho Cucamonga, California, 91739. Plaintiffs were traveling inside of an UBER XL vehicle and the UBER driver drove through the Storquest Rancho Cucamonga's gate by following a car inside of the facility. Upon arriving Plaintiffs immediately noticed that there were not one, but two vehicles parked in front of their self-storage unit, Unit 347. When Hollywood explained to the tenants blocking his unit that they were violating the rights of his fiancée by blocking her from accessing her self-storage unit, Unit # 342 the tenants quickly moved their two cars from in front of Plaintiffs' self-storage unit. Plaintiffs were then able to transfer their property from the UBER XL to their self-storage unit, unit # 347.

37.     On or about June 5, 2019 at approximately 5:15 p.m. Plaintiff Fairchild walked to Storquest Rancho Cucamonga self-storage facility's front office. Because there was no ramp that led from the self-storage units' side to the front of the office and building, Alison Fairchild had to go around and exit the facility's unit side through the front gate. This was an ADA violation as non-handicapped Storquest tenants could walk to the front office from the self-storage units' side without going through the facility's front gate.

38.     On or about June 5, 2019 at approximately 5:18 p.m. Plaintiff Fairchild finally made it to Defendants' front office. When Plaintiff Fairchild asked to use the restroom Storquest manager Tyrone stated that she could but that he would have to open the restroom for her as it was kept locked. This was completely humiliating for Plaintiff Fairchild.

39.     On or about June 5, 2019 at approximately 6:45 p.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild finally left Defendants' Rancho Cucamonga self-storage unit after moving in all personal property loaded on their UBER XL trip to the facility. Once arriving in front of the office Hollywood called an UBER X (which is just a plain four door sedan) to pick him and Alison Fairchild up and take them back to the hotel where they both were residing at.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 23 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Because a non-handicapped vehicle was parked in Defendants' handicap parking space Plaintiff Fairchild was inconvenienced because the UBER driver could not pick her up in the handicap parking spot.

40.     On June 9, 2019 Plaintiffs arrived at Defendants' self-storage facility at approximately 3 p.m. Upon arriving Plaintiff Hollywood walked to the front office and told the assistant manager that he did not like how Storquest management continued to allow people to park in front of his fiancée's self-storage unit. The female manager Alexis Licea replied by stating that both Plaintiff Hollywood and his fiancée needed to immediately vacate both self-storage units or law enforcement would be called, and the two of them trespassed.

41.     On or about June 11, 2019 at approximately 3:15 p.m. Plaintiffs Arogant Hollywood and Alison Helen Fairchild arrived at Defendants' self-storage facility located at 11998 Arrow Route, Rancho Cucamonga, California, 91739. Plaintiffs were traveling inside of a LYFT SUV and once again had brought with them personal property which needed to be moved inside of their self-storage unit, Unit # 347. Upon arriving Plaintiff Fairchild became frustrated and angry that once again Storquest tenants/customers were blocking her from accessing her self-storage unit, Unit # 347. Hollywood got out of his LFYT vehicle and confronted the two men who had a PENSKE 20-foot truck and at least forty-five boxes directly in front of Plaintiffs' self-storage facility. The two men initially refused to move the truck and boxes from front of Plaintiffs' self-storage unit. That was until Hollywood threatened to sue the two men for not moving their personal property.

42.     On or about June 11, 2019 at approximately 3:40 p.m. Plaintiff Fairchild walked to Storquest Rancho Cucamonga's front office to use the restroom. Plaintiff Fairchild was able to enter the front office through the pedestrian outside door located on the self-storage units' side of the facility and to therefore exit through the gate to enter Defendants' front office. When

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 24 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Plaintiff Fairchild arrived at Defendants' front office she requested to use the restroom. Storquest Rancho Cucamonga general manager Tyrone stated that the restroom was kept locked and that he would have to open it for her. This experienced was humiliating for Plaintiff Fairchild and she urinated on herself because of having to wait for the restroom to be unlocked.

43.    On June 11, 2019 at approximately 4:15 p.m. Plaintiff Arogant Hollywood walked to the front office to speak to Tyrone about ongoing ADA violations. While he was in the office Tyrone told Hollywood that his district manager Edwin Murga stated that Hollywood must vacate his self-storage unit immediately and that his lease agreement was terminated. Tyrone also stated that due to the sexual harassment of his assistant manager Alexis Licea, his boss Mr. Murga and Ms. Licea were working on filing a civil harassment restraining order petition in San Bernardino shortly. Hollywood stated to Tyrone that she was lying and that he would not vacate either of his two self-storage units. Storquest manager Tyrone also told Hollywood that the tenant who had placed in personal belongings in front of his self-storage unit was long time tenant and that it was wrong for Hollywood to have confronted this Storquest tenant in the manner in which he did. Tyrone went on to state that it was crazy and extreme for Hollywood to say to Tyrone's customer that he would sue him. Storquest manager Tyrone stated that he did not see the big deal about his tenant parking their truck in front of Plaintiffs' self-storage unit.

44.    On Friday, June 21, 2019 at approximately 2:50 p.m. Plaintiff Hollywood contacted Storquest Rancho Cucamonga customer service by dialing (909) 495-3837. Because no one was inside of the office Hollywood's call was forwarded to Storquest self-storage's customer service call center. Hollywood told the customer service representative that he was having trouble paying for his two self-storage units online. The Storquest customer service representative stated that there were notes on the account that stated that her call center was not to accept any form of payments, and the Storquest customer service representative stated that Hollywood would have to contact district manager Edwin Murga for further information on the matter.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 25 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

45.    On Sunday, June 23, 2019 Plaintiff Arogant Hollywood contacted Defendants' Storquest Rancho Cucamonga location by dialing (909) 495-3837. Storquest assistant manager Alexis Licea answered the telephone. Hollywood asked Ms. Licea why he was blocked from paying for his two self-storage units online and over the telephone. MS. Licea then told Hollywood that his business was not wanted at her facility and that his lease agreement had been terminated. Ms. Licea went on to say that her district manager Edwin Murga stated that if Hollywood showed up on her property she was to immediately contact the sheriff's department and have Hollywood arrested for trespass. Ms. Licea stated that a restraining order was pending as well against him, and that her, the district manager and Storquest attorneys were working on filing it. Ms. Licea also stated verbatim: ***"If you do not move your things, we will dispose of your units."*** Hollywood hung up the telephone on Alexis Licea and this would be his final communication with the company before the filing of this civil rights complaint.


D.    **DEFENDANTS' HAD KNOWLEDGE OF THEIR EMPLOYEES' UNCONSTITUTIONAL ACTIONS AND WERE WARNED OF LEGAL ACTION BEING FILED AGAINST THEM IN THE NEAR FUTURE.**


46.    On July 8, 2019 Plaintiff Arogant Hollywood sent an email to Defendants The emails were sent to following email addresses:
whobin@williamwarren.com,
cporter@williamwarren.com,
gsugarman@williamwarren.com,
thobin@williamwarren.com,
ezinke@williamwarren.com,
jsuddarth@williamwarren.com,
aparker@williamwarren.com,
mstclair@williamwarren.com,
emurga@williamwarren.com

47.    In his email Plaintiff Hollywood accused Defendants' employees of violating Plaintiffs'

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 26 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1  civil rights. Plaintiff Hollywood stated that he would sue Defendants in federal court for

2  violating his constitutional civil rights and for violating the rights of Alison Helen Fairchild

3  pursuant to the American Disabilities Act of 1990.

4

5

6  **PRELIMINARY FACTUAL ALLEGATIONS REGARDING ADA VIOLATIONS**

7

8  48.    Plaintiff Alison Helen Fairchild was a paying residential tenant of subject property Storquest

9  Rancho Cucamonga 11998 Arrow Route, Rancho Cucamonga, California, retail location, and that

10  the interests of Plaintiff Alison Helen Fairchild in removing architectural barriers at the subject real

11  estate property advance the purposes of all other disabled persons to assure that all public

12  accommodations, including the subject 11998 Arrow Route, Rancho Cucamonga, California,

13  retail location, are accessible to independent use by mobility-impaired persons.

14

15  49.    The Storquest Rancho Cucamonga is a commercial real estate property, located at 11998

16  Arrow Route, Montclair, California. The Storquest Rancho Cucamonga 11998 Arrow Route retail

17  location, its back and front entrance, all interiors and exteriors of its commercial real estate property

18  and its other facilities are each a "place of public accommodation or facility" subject to the barrier

19  removal requirements of the Americans with Disabilities Act. On information and belief, each such

20  facility has, since July 1, 1970, undergone "alterations, structural repairs and additions", each of

21  which has subjected the Storquest Rancho Cucamonga 11998 Arrow Route, and each of its

22  facilities, its front and back entrances and all interiors and exteriors of its commercial real estate

23  self-storage premises, to disability access requirements per the Americans with Disabilities Act

24  Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

25

26  50.    At all times stated herein, Plaintiff Alison Helen Fairchild was a disabled ambulatory woman

27  that could not walk whatsoever without the assistance of manual wheelchair.

28

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
**–Page 27 of  157**      *Arogant Hollywood, et al v. Storquest Inc., et al*

51.    At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out that the Storquest Rancho Cucamonga 11998 Arrow Route self-storage facility location as being handicap accessible and handicapped usable.

52.    On or about June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild has been unable to push and maneuver her manual wheelchair inside of Defendants' retail front office's front door, located at subject real estate property the Storquest Rancho Cucamonga self-storage facility. Defendants' retail office front door is not accessible because the door is not ADA accessible due to it being far too narrow and lacking an automatic handicap door opening device. An automated handicap door, and/or automatic door opener is readily achievable for Defendants.

53.    At said times and place, plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to get inside of Defendant's office front door without extreme difficulty, challenge and frustration.

54.    On or about June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild while attempting to maneuver her wheelchair inside of Defendants' retail office front door subjected her frail body to physical injury.

55.    At said times and place, plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to move forward without difficulty because Defendants' retail front office was not accessible. Ms. Fairchild was unable to access Defendants' front office front door without difficulty while being seated in her manual wheelchair.

56.    On June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair and open the door to enter area in which Defendants' restroom was located. This door was inaccessible because it was too heavy for Fairchild to open and because it

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 28 of 157    *Arogant Hollywood, et al v. Storquest Inc., et al*

was locked when Plaintiff Fairchild attempted to enter the restroom, resulting in Plaintiff urinating on herself. Defendant's metal door that led to the restroom was inaccessible because it was extremely heavy and difficulty to open.

57.    At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver and enter through Defendants' self-storage facility's restroom metal door because the metal door was not accessible and because it was also locked. Ms. Fairchild was unable to access the restroom through to Defendants' physical barriers while being seated in her manual wheelchair.

58.    On or about June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable to maneuver her wheelchair through Defendants' pedestrian entrance and exit. First off the door locked on one side, so Plaintiff Fairchild could not enter and exit Defendants' self-storage facility if she needed to go to the office and then come back to her unit. Next, Defendants' door is not wheelchair accessible the door is very difficult to open and quickly shuts. This causes Plaintiff Fairchild not to be able to enter and exit Defendants' pedestrian entrance and exit door without the assistance of a second person.

59.    At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver wheelchair to enter Defendants' self-storage facility because Defendants' pedestrian door was not accessible. Ms. Fairchild was unable to access Defendants' self-storage facility while being seated in her manual wheelchair.

60.    At said times and place, Plaintiff Alison Helen Fairchild attempted to push and maneuver her manual wheelchair, but she was unable to maneuver wheelchair to exit Defendants' self-storage facility because Defendants' pedestrian door was not accessible. Ms. Fairchild was unable to access Defendants' self-storage facility while being seated in her manual wheelchair.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 29 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

61.     On or about June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild was discriminated against by Defendants when Defendants deliberately failed to install adequate ADA parking signs required under California state as well as federal law.

62.     Plaintiff Fairchild's was unable to secure a parking space reserved for her as a disabled person because Defendants' Storquest Rancho Cucamonga failed to install adequate handicap parking signs and designations.

63.     On or about June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable to open her self-storage unit [# 342] because her self-storage units' front door was broken, damaged and difficulty to open.

64.     At said times and place, Plaintiff Alison Helen Fairchild needed to open her self-storage Unit # 342 while being seated in her manual wheelchair, but she was unable to open her self-storage unit because it was not accessible. Ms. Fairchild was unable to access her self-storage unit while being seated in her manual wheelchair.

65.     On June 2, 2019 until the present day, Plaintiff Alison Helen Fairchild was unable retrieve and place items inside of her self-storage Unit # 327 because there was not enough light in the hallway. Both Plaintiff Fairchild and Plaintiff Hollywood made several complaints to Storquest Rancho Cucamonga property managers at the time, but additional light was never placed in the hallways outside of Plaintiff Fairchild's self-storage unit. Storquest Rancho Cucamonga never replaced old bulbs that were causing dim light around Plaintiffs' self-storage unit.

66.     At said times and place, Plaintiff Alison Helen Fairchild was unable to safely access her self-storage unit Space # 327 while being seated in her manual wheelchair, and she was unable to retrieve and place items in her self-storage unit # 327 because there was not enough light in the

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 30 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

hallway for her to see inside of her self-storage unit Ms. Fairchild was unable to access her self-storage unit while being seated in her manual wheelchair.

67.    On June 2, 2019 until late June 2019, nearly on a weekly basis Plaintiff Fairchild suffered from physical injuries to her chest, arms, shoulders and legs as a result of physical barriers at Defendants' self-storage facility.

68.    Therefore, at said times and place, Plaintiff Alison Helen Fairchild, a person with a disability, encountered the following inaccessible elements of the subject STORQUEST RANCHO CUCAMONGA retail location 11998 Arrow Route which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities, in addition to deliberate ADA violations for building and renovating several new self-storage facilities after 1990 installing ADA accessible standards in place, including, but not limited to:

   a. lack of a handicapped-accessible parking signs;

   b. deliberately and intentionally failing to install new light bulbs outside of Plaintiff Fairchild's self-storage unit;

   c. Inaccessible retail office front doors;

   d. Inaccessible doors and access to Storquest Rancho Cucamonga's tenant restrooms

   e.  Inaccessible pedestrian entrance and exit doors;

   f.  Inaccessible self-storage unit doors.

   g.  On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

69.    At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 31 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

70.     At all times stated herein, Defendants, and each of them, were "negligent per se" in not removing architectural barriers determined by the Department of Justice to be considered a safety concern/safety hazard where it was readily achievable for said public accommodation to remove barriers. The barriers and those requirements for barrier removal are found in 28 CFR 36, and the building code to be followed is in appendix "A", referred to as "ADAAG". Therefore, as a legal result of Defendants' breach of duty to remove those barriers encountered by Plaintiff Alison Helen Fairchild. Plaintiff suffered mental anguish, frustration, and severe emotional distress.

71.     As a legal result of Defendants, California corporations and entities (Doing Business As Storquest Rancho Cucamonga failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to Plaintiff Alison Helen Fairchild using many walkways and doors throughout Defendants' self-storage facility. Plaintiff Fairchild currently is a non-tenant owner of self-storage unit, Spaces # 327 and 342, and therefore had a legal right to be on Defendants' property and not encounter the many inaccessible features of Defendants' commercial real estate property, and other persons with disabilities, along with Plaintiff Alison Helen Fairchild have suffered the damages as alleged herein.

72.     As a further legal result of the actions and failure to act of Defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Plaintiff Alison Helen Fairchild was denied her civil rights to full and equal access to public accommodations that were supposed to be provided by law as a matter of right at subject real estate Property STORQUEST RANCHO CUCAMONGA. Plaintiff **ALISON HELEN FAIRCHILD** Storquest Rancho Cucamonga suffered a loss of her civil rights and her rights as a person with physical disabilities to full and equal access to public accommodations, and further suffered bodily injury between June 2, 2019 until the present day, (including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 32 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

through architectural barriers)., physical discomfort, emotional distress, mental distress, mental

suffering, mental anguish, which includes, but is not limited to, shame, humiliation, embarrassment,

anger, disappointment and worry, expectedly and naturally associated with a person with physical

disabilities being denied access, all to Alison Fairchild's damages as prayed hereinafter in an

amount within the jurisdiction of this court. No claim is being made for mental and emotional

distress above what Ms. Fairchild should receive for her suffering that which is associated with the

discrimination and physical injuries claimed, and a legal expert testimony may be completed

regarding this usual mental and emotional distress will be presented at trial in support of the claim

for damages.

73.     Defendants and each of their failure to remove the architectural barriers complained of herein

created and its continuance unlawful tactics to rent inaccessible commercial self-storage units to

disabled persons, at the time of Plaintiff Alison Helen Fairchild's first visit to said public

accommodation/location, and Defendant continues to create continuous and repeated exposure to

substantially the same general harmful conditions which caused Plaintiff Alison Helen Fairchild

harm as stated herein.  Since Plaintiffs served a copy of the original civil rights complaint filed

against Defendants. Absolutely no changes or renovations have been made to correct the

architectural barriers still stubbornly in place at the subject property 11998 Arrow Route

STORQUEST RANCHO CUCAMONGA.

74.     Plaintiff **ALISON HELEN FAIRCHILD** was denied her rights to equal access to a public

facility owned and operated by Defendants because Defendants maintained STORQUEST

RANCHO CUCAMONGA subject commercial real property location at 11998 Arrow Route,

Rancho Cucamonga, CA without equal access for persons with physical disabilities to its back and

front entrance/exit and other public areas, renting inaccessible self-storage units and facilities to

disabled persons to the date of filing this civil rights complaint to deny equal access to Plaintiff

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 33 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1    Alison Helen Fairchild and other persons with physical disabilities in these and many other ways.

2

3    75.    On information and belief, construction alterations carried out by Defendants have also

4    triggered access requirements under both California law and the Americans with Disabilities Act of

5    1990.

6

7    76.    Plaintiff Alison Helen Fairchild, as described herein below, seek injunctive relief to require

8    the STORQUEST RANCHO CUCAMONGA to be made accessible to meet the requirements of

9    both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive,

10   so long as Defendants operate its STORQUEST RANCHO CUCAMONGA as a commercial real

11   estate self-storage facility, and make appropriate alterations to avoid blocking disabled persons from

12   accessing the entire commercial self-storage facility, and creating numerous ADA violations

13   throughout their 11998 Arrow Route, Rancho Cucamonga, CA location. Plaintiff Alison Helen

14   Fairchild seek damages for violation of her civil rights beginning on June 2, 2019 and continuing

15   until the present day, and Plaintiff Alison Helen Fairchild seek statutory damages of not less than $

16   4,000, pursuant to Civil Code § 52(a) or alternatively $ 1000 pursuant to Civil Code § 54.3, for each

17   day she visited and used the facility at the subject STORQUEST RANCHO CUCAMONGA that

18   Plaintiff Alison Helen Fairchild was unable to safely access her self-storage units, Defendants retail

19   office front door, restrooms pedestrian entrance and exit, and entrance/ exit of all Storquest Rancho

20   Cucamonga buildings and suffered physical pain and emotional distress because of her encounters,

21   experiences, knowledge and belief that the premises was and remains inaccessible to persons with

22   disabilities.

23

24   77.    On information and belief, Defendants have been negligent in its affirmative duty to identify

25   the architectural barriers complained of herein and negligent in the removal of some or all said

26   barriers.

27

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 34 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

78.     On information and belief, Defendants have been negligent in its affirmative duty to identify the physical barriers complained of herein and negligent in the context of Defendant intentionally failing to repair building defects and renting out inaccessible self-storage units for several months prior to the Plaintiff Alison Helen Fairchild suing the unlawful acting Defendants.

79.     Because of Defendant's violations, Plaintiff Alison Helen Fairchild and other persons with physical disabilities are unable to use public facilities and public accommodations such as those owned and operated by Defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code § 54.1 and Health & Safety Code § 19955, et seq. and other accessibility law as plead herein. Plaintiff Alison Helen Fairchild seek an order from this court compelling Defendant to make all parts of STORQUEST RANCHO CUCAMONGA, location 11998 Arrow Route, Rancho Cucamonga, CA accessible to persons with disabilities.

80.     Because of Defendants' violations, Plaintiff Alison Helen Fairchild and other persons with physical disabilities are unable to use front doors, self-storage units, parking spots designated for disabled individuals, restrooms and entrances/exits of subject STORQUEST RANCHO CUCAMONGA, buildings on a "full and equal" basis unless such unlawful business operations and activities cease, and compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code § 54.1 and Health & Safety Code § 19955, et seq. and other accessibility law as plead herein, and ENFORCED, Defendants will continue their illegal activities. Plaintiff Alison Helen Fairchild seek an order from this Court compelling Defendant's owned STORQUEST RANCHO CUCAMONGA commercial real estate location 11998 Arrow Route, Rancho Cucamonga, CA, to make many of their self-storage units accessible for all disabled persons, and to make the entrances and exits to all its buildings accessible to all disabled persons.

81.     On information and belief, Defendants have intentionally undertaken to modify and alter

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 35 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

existing building(s) and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24. The acts and omission of Defendants, and each of them, in failing to provide the required accessible public facilities and public accommodations, willfully and deliberately failing to install and maintain handicap parking spaces that comply with state and federal law, deliberately failing to replace dim lit light bulbs, locking restrooms, allowing customers to block Fairchild's physical access to her self-storage unit. Plaintiff Fairchild has suffered numerous physical injuries, indicate Defendants' actual and implied malice toward Plaintiff Alison Helen Fairchild, and despicable conduct carried out by Defendants, and each of them, with a willful and conscious disregard for the rights and safety of Plaintiff Alison Helen Fairchild and other similarly situated persons, and justify a trembling of damages as provided by Civil Code §§ 52(a) and 54.3, in order to profound example of Defendants, and each of them, to other operators of other commercial self-storage units and other public facilities, and to punish Defendants and to carry out the purposes of the Civil Code §§ 51, 51.5 and 54., and to punish said Defendants by way of substantial punitive damages.

82.     Plaintiff Alison Helen Fairchild is informed and believe and therefore allege that Defendants, and each of them, caused the subject building(s) which constitute the subject real estate property STORQUEST RANCHO CUCAMONGA location to be constructed, altered and maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said building(s) of the STORQUEST RANCHO CUCAMONGA and were denied full and equal use of said public facilities. Furthermore, on information and belief, Defendants have continued to maintain and operate said STORQUEST RANCHO CUCAMONGA location and/or its building(s) in such conditions up to the present time, despite actual and constructive notice to Defendant that the configuration of the STORQUEST RANCHO CUCAMONGA and/or its building(s) is in violation of the civil rights of persons with physical disabilities, such as Plaintiff Alison Helen Fairchild, and the disability community which she represents. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 36 of  157       *Arogant Hollywood, et al v. Storquest Inc., et al*

1   violation of Civil Code §§ 51, 51.5 and 54, Health and Safety Code § 19955, and the ADA, 42

2   U.S.C. § 12101,et seq.

3

4   83.     On personal knowledge, information and belief, the basis of Defendants' actual and

5   constructive notice that the physical configuration of the facilities including, but not limited to,

6   architectural barriers constituting the STORQUEST RANCHO CUCAMONGA location at 11998

7   Arrow Route and/or building(s) was in violation of the civil rights of persons with physical

8   disabilities, such as Plaintiff Alison Helen Fairchild, includes, but is not limited to, communications

9   with STORQUEST RANCHO CUCAMONGA employees, pass byers, guests, and tenants, the

10  Plaintiff Alison Helen Fairchild, a paying non-tenant owner of STORQUEST RANCHO

11  CUCAMONGA Units # 327 and 342 between June 2, 2019 and early July 2019, until Defendants

12  stopped accepting rent. Defendant has not yet obtained and received notices from governmental

13  agencies regarding modification, improvement, or substantial repair of the subject premises and

14  other properties owned by Defendants. However, Defendants, and their attorneys of record) has for

15  many years read newspaper articles and trade publications regarding the Americans with Disabilities

16  Act of 1990 and other access laws, public service announcements by former U.S. Attorney General

17  Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state

18  and federal law, to make the STORQUEST RANCHO CUCAMONGA location 11998 Arrow

19  Route, Rancho Cucamonga, CA accessible, and cease building and renovating new commercial

20  self-storage units and facilities without installing ADA accessibility, by renting inaccessible self-

21  storage units to persons with physical disabilities, is further evidence of Defendants' conscious

22  disregard for the rights of Plaintiff Alison Helen Fairchild and other similarly situated persons with

23  disabilities. Despite being informed of such effect on Plaintiff Ms. Fairchild and other persons with

24  physical disabilities due to the lack of accessible facilities, Defendants, and each of them, knowingly

25  and willfully refused to take any steps to rectify the situation and to provide full and equal access for

26  plaintiffs and other persons with physical disabilities to their commercial real estate self-storage

27  location. Said Defendants, and each of them, have continued such practices, in conscious disregard

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 37 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

for the rights of plaintiff Alison Helen Fairchild and other persons with physical disabilities, up to the date of filing of this civil rights complaint, and continuing thereon. Defendants and their attorneys of record had further actual knowledge of the architectural barriers referred to herein by virtue of the important advisory information for building owners and tenants. Said conduct, with knowledge of the effect it was and is having on Plaintiff Alison Helen Fairchild and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of Plaintiff Alison Helen Fairchild and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§ 52 and 54.3, and punitive damages.

84.     Plaintiff Alison Helen Fairchild, on behalf of herself and the disability community which she wholeheartedly represents, consisting of persons with disabilities, would and could use Defendants' commercial real estate self-storage facility at the subject public accommodation when it is made accessible to persons with disabilities.

85.     Plaintiff Alison Helen Fairchild, on behalf of herself and the disability community which she wholeheartedly represents, consisting of persons with disabilities, would, could rent an accessible self-storage unit at STORQUEST RANCHO CUCAMONGA once all physical barriers are removed that are currently preventing Ms. Fairchild from freely traveling and maneuvering in her wheelchair, or any other persons with disabilities.

**FIRST CLAIM FOR RELIEF---RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10.**

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 38 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

86.    Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-85 above.

87.    Plaintiff Alison Helen Fairchild is disabled within the means of ADA, ambulatory and unable to walk whatsoever.

88.    Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from Defendants.

89.    42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed… any right granted or protected by this Chapter."

90.    Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by conspiring to forcefully remove Plaintiff Fairchild from her self-storage premises located at 11998 Arrow Route , Unit # 342, Rancho Cucamonga, CA, 91739, and which would have caused Plaintiff Fairchild to not have access to her personal property.

91.    Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 violated U.S.C. § 12203 by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by forcefully removing Plaintiff Fairchild from her self-storage premises located at 11998 Arrow Route, Unit # 342, Rancho Cucamonga, CA, 91739 and which caused Plaintiff Fairchild to not

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 39 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

have access to her personal property.

92.     Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 violated U.S.C. § 12203 by their conduct, including but not necessarily limited to, having Plaintiff Alison Helen Fairchild removed from her 11998 Arrow Route, self-storage premises and self-storage unit, Unit # 342 by threatening to call city of Rancho Cucamonga police department peace officers, by conspiring to enter her self-storage unit and allow auction buyers to take all Plaintiff Fairchild's personal belongings and empty out her self-storage unit, Unit # 342. By blocking Plaintiff Fairchild from making rental payments for her either of her two self-storage units. By refusing to accept rental payments for Plaintiff's self-storage units, Units # 327 and # 342.

93.     Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 U.S.C. § 12203 by conspiring and threatening to use unlawful self-help tactics that included law enforcement assisting them with Defendants' planned and conspired forced removal, criminal trespass, expulsion, and blocked access to her self-storage units beginning on or about June 2, 2019.

94.     Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 violated U.S.C. § 12203 by conspiring to use unlawful self-help tactics that included law enforcement using deadly force to trespass Plaintiff Fairchild from her 11998 Arrow Route, Rancho Cucamonga, CA self-storage premises.

95.     Defendants retaliated against Alison Helen Fairchild because she and her fiancée Arogant Hollywood complained about the many ADA violations that Plaintiffs encountered and discovered throughout Defendants' Storquest Rancho Cucamonga self-storage facility.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 40 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1   Defendants sought to physically remove Plaintiff Fairchild only after complaints were made
2   about ADA violations. For example, just prior to Fairchild's expulsion Plaintiff Hollywood told
3   Storquest Rancho Cucamonga management that they were violating Fairchild's ADA rights by
4   not making special accommodations.

6   96.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff
7   Alison Helen Fairchild has suffered and continues to suffer emotional distress, multiple sclerosis
8   relapses, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other
9   damages in an amount to be determined according to proof at the time of trial.

11  97.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff
12  Alison Helen Fairchild has suffered and continues to suffer tightness in her chest, and heart
13  palpitations.

15  98.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff
16  Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other
17  damages in an amount to be determined according to proof at the time of trial.

19  99.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff
20  Alison Helen Fairchild has suffered and continues to suffer emotional distress, multiple sclerosis
21  relapses, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other
22  damages in an amount to be determined according to proof at the time of trial.

24  100.   As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff
25  Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other
26  damages in an amount to be determined according to proof at the time of trial.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 41 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

101.   **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the first claim for relief of Plaintiff Alison Helen Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**SECOND CLAIM FOR RELIEF---FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE § 51, ET SEQ (THE UNRUH CIVIL RIGHTS ACT) ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

102.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1-98 of this federal civil rights complaint.

103.   Defendants' actions, omissions and failure to act as a reasonable and prudent public accommodation in identifying, removing and/or creating, policies, practices and/or procedures violates § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 42 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, or disability.

104.     Defendants' actions and omissions and failure to act as a reasonable and prudent public accommodation by creating unlawful and illegal policies, practices and/or procedures that resulted in emotional, mental and physical injuries to Plaintiff Fairchild.

105.     Defendants failed to accommodate Plaintiff Fairchild for her reasonable accommodations, that included but were not limited to: failing to install lights outside of self-storage unit, deliberately failing to maintain ADA parking spots, allowing Storquest tenants to intentionally block her access to her self-storage unit, and maintaining inaccessible doors and entrance and exits of their buildings all throughout STORQUEST RANCHO CUCAMONGA. In do said unlawful and unconstitutional acts Defendants violated § 51 of the Civil Code, the Unruh Civil Rights Act. The Unruh Act provides:

This section shall be known, and may be cited, as the Unruh Civil Rights Act.

All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, or disability are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

106.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code § 51.5:

No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in the state because of the race, creed, religion, color, national origin, sex, or disability of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees,

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 43 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

business associates, suppliers, or customers.

As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

107.   Civil Code Section 51, et seq., also known as the Unruh Act, provides that all persons in the state are entitled to the "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever," regardless of disability.

108.   Plaintiff Alison Fairchild is informed and believed and thereon alleges that the aforementioned conduct of Defendants, and each of them, denied, aided, or incited in a denial of, discriminated or made a distinction that denied Plaintiff Fairchild full and equal advantages, privileges, and services to Plaintiff, solely upon Plaintiff's disability, and therefore constituted a violation of the Unruh Act.

109.   Defendants' actions and omissions as specified had denied to Plaintiff Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code § 51, "A violation of the right of any individual under the Americans with Disability Act of 1990 (Public Law 101-336) shall also constitute a violation of this section". Plaintiff Alison Helen Fairchild accordingly incorporate the entirety of her above cause of action for violation of the Americans with Disability Act at PP34, et seq., as if re-pled herein.

110.   As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as herein above described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury, mental anguish, depression, insomnia, panic attacks, heart palpitations, tightness in chest, relapsing multiple sclerosis attacks on her physical body, humiliation, embarrassment, physical

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 44 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

injury, a complete disruption of her life, and severe emotional distress (all to plaintiff's damage according to proof and incurred reasonable attorneys' fees and costs). Plaintiff Alison Helen Fairchild is entitled to the rights and remedies of § 52(a) of the Civil Code, including trebling of actual damages (defined by § 52(h) of the Civil Code to mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by statute, according to proof if deemed to be the prevailing party.

111.    Plaintiff Fairchild is further informed and believes, and based thereon alleges, that Defendants, and each of them, acted and continue to act, with full knowledge of the consequences and damages being caused to Plaintiff Fairchild by Defendants' actions, and Defendants' actions were, and are, willful, oppressive, and malicious. Accordingly, Plaintiff is entitled to punitive damages against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10, and each of them, in a sum according to proof at trial.

112.    **WHEREFORE,** Plaintiff Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the second claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**THIRD CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 12101 ET SEQ.), DENIAL OF EQUAL ACCESS---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 45 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

113.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

114.    The American Disabilities Act of 1990 is a sweeping civil rights law designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against person with disabilities." 42 U.S.C. § 12101 (b)(1). In passing the ADA, Congress expressly found:

*Unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination.*

42 U.S.C. § 12101 (a)(4). Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. "42 U.SC. § 12101 (a)(5). Further,

Congress stated that a primary purpose of the ADA is "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. "42 U.S. § 12101 (b)(2).

115.    To succeed as a matter of law under Title III of the ADA, Plaintiff Alison Helen Fairchild must prove that:

      a. Defendants own or operate a place of public accommodations;

      b. Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

      c. Defendants accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 46 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

42 U.S.C. § 12182(a) & 42 U.S.C. § 12182(b).

116.    Defendants own and operate Storquest Rancho Cucamonga, at which Plaintiff Alison Helen Fairchild attempted to gain reasonable accommodations on several occasions, and which are the subject of this lawsuit, is a public accommodation as the operation of such entity affects commerce and because Defendants' Storquest Rancho Cucamonga is a bakery, grocery store, clothing store, shopping center, or other sales or rental establishment, 42 U.S.C. § 12181 (7)(C).

117.    To address this broad range of discrimination in the context of public accommodations, Congress enacted Title III, which provides in part:

*No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodations by any person who owns, leases (or leases to), or operates a place of public accommodation by any person who owns, leases (or leases to), operates a place of accommodation.*

118.    42 U.S.C. § 12182. By its clear text, Title III requires a public accommodation to provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12101 (a)(5) (emphasis added); see Also H.R. Rep. No. 485, Pt. 2, 101st Cong., 2d Sess. 54 (1990) ("lack of physical access to facilities" was only one of several "major areas of discrimination that need to be addressed"); H.R. Rep. No. 485, Pt. 3, 101st Cong., 2d Sess. 54 (1990) ("It is not sufficient to only make facilities accessible and usable, this title prohibits, as well, discrimination in the provision of programs and activities conducted by the public accommodation.")

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 47 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

119.   For that reason, the Act applies not only to barriers to physical access to business locations, but also to any policy, practice, or procedure that operates to deprive or diminish disabled individuals' full and equal enjoyment of the privileges and services offered by the public accommodation to the public at large. 42 U.S.C. § 12182. Thus, a public accommodation may not have a policy that specifically excludes individuals with disabilities from services. 42 U.S.C. § 12182 (B)(1)(a)(I). The statute also defines "discrimination" as including:

*the imposition or application of eligibility criteria that screen out or ten to screen out an individual with a disability...from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered.*

42 U.S.C. § 12182 (b)(2)(A)(i). The commentary to the implementing regulations explains that this provision "makes it discriminatory to impose policies or criteria that, while not creating a direct bar to individuals with disabilities, indirectly prevent or limit their ability to participate. "28 C.F.R. Pt. 36, App. B, p. 641 (commentary to 28 C.F.R. Pt. 36.301).

120.   A public accommodation also may not refuse to make reasonable modifications to a policy or practice that has the consequences of denying such individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services. 42 U.S.C. § 12182(b)(2)(A)(ii).

121.   Because Defendants operate a place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation as Defendant own, lease, lease to, or operate a place of public accommodation in violation of the ADA.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 48 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

122.    Defendants must make reasonable modification in policies, practices, or procedures, when such modifications are necessary to afford such services [or] privileges…to individuals with disabilities" unless doing so would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, which Plaintiff Alison Helen Fairchild believes Defendants cannot do since they provided virtually identical accommodations to other non-handicapped 11998 Arrow Route, Rancho Cucamonga, CA, Storquest Rancho Cucamonga tenants, guests, non-tenant owners and authorized individuals who were not disabled at all, in no shape or form, nor subject to special accommodation pursuant to ADA laws under Title III.

123.    For an aspect of a Defendants' operation to be subject to Title III, there must be a connection between the service Plaintiff seeks and the place of public accommodation. In the words of the statute, the Act covers discrimination "in the full and equal enjoyment of the… services [or] privileges…of any place or public accommodation. "42 U.S.C. § 12182(a).

124.    To be protected by the ADA one must have a disability, defined by the ADA as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual; (b) a record of such impairment; or (c) being regarded as having such an impairment." 42 U.S.C. § 12102(2) (1994); 29 C.F.R. § 1630.2(g) (1996). The ADA rule defines "mental impairment" to include "any mental or psychological disorder, such as…emotional or mental illness. "29 C.F.R. § 1630.2(H)(2) (1996).

125.    Examples of "emotional or mental illnesses" include major depression, anxiety disorders, including panic disorder, obsessive compulsive disorder, personality disorders, and post-traumatic stress order. The fourth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders is relevant for identifying these disorders. The DSM-IV has been recognized as an important reference by courts and is widely used by American mental health professionals for diagnostic and insurance reimbursement purposes. See, e.g.,

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 49 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

*Boldini v. Postmaster Gen., 928 F. Supp. 125, 130 (1995)*, where the court held, "in circumstances of mental impairment, a court may give weight to a diagnosis of mental impairment which is described in the Diagnostic and Statistical Manual of Mental Disorders of the American Psychiatric Association." Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", and accompanying anxiety disorders like depression, is a bona fide medical and /or mental disorder as classified in the American Psychiatric Association's Diagnostic and Statistics Manual (DSM-IV). The American with Disabilities Act also recognizes Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion" as mental disabilities whose victims are protected. Additionally, under several ADA -related holdings, and individual would be substantially limited if his-her relations with others were characterized on a regular basis by "consistently high levels of "anxiety and depression, resulting in social withdrawal."

126.    Plaintiff Alison Helen Fairchild avers that she was an authorized individual and non-tenant owner of Storquest Rancho Cucamonga long after she was diagnosed with Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

127.    Plaintiff Fairchild was discriminated against by Defendants, and her mistreatment aggravated and elevated her mental illnesses disorders Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion".

128.    Plaintiff Alison Helen Fairchild avers that other similarly situated handicapped and ADA protected disabled persons will be discriminated against by Defendants, unless the court grants injunctive relief in this lawsuit.

129.    Defendants' Storquest Rancho Cucamonga is a place of public accommodation, not a private club, and that its preferences to accommodate only certain of its patrons are no

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 50 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

justification under the Equal Protection Clause. Such preferences, no matter how widely shared by Defendants' employees and/or clientele, bear no rational relation to the suitability of a female disabled who suffers from Mild Neurocognitive Disorder and Major Depressive Disorder "Bereavement Exclusion", multiple sclerosis and many other physical medical conditions as an authorized individual and non-tenant owner of Storquest Rancho Cucamonga accommodation of or by Defendants' self-storage facility.

130.    Based on the facts stated throughout this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity for Plaintiff Fairchild to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity, in violation of the ADA.

131.    Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as it is discriminatory to afford an individual, on the basis of a disability or disabilities of such individual, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals, in violation of 42 U.S.C. § 12182.

132.    Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as Defendants failed to afford to an individual with a disability accommodation in the most integrated setting appropriate to the needs of the individual, in violation of 42 U.S.C. § 12182.

133.    Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild by Defendants utilizing standards or criteria or methods

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 51 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

of administration that have the effect of discriminating on the basis of disability; or that perpetuate the discrimination of others who are subject to common administrative control, in violation of 42 U.S.C. § 12182.

134.    Based on the facts stated within this civil rights complaint, Defendants discriminated against Alison Helen Fairchild as it is discriminatory to exclude or otherwise deny goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual is known to have a relationship or association, in violation of 42 U.S.C. § 12182. See *Niece v. Fitzner, 922 F. Supp 1208 (1996).*

135.    Based on the facts stated within this civil rights complaint, Defendants, doing business as Storquest Rancho Cucamonga located at 11998 Arrow Route, Rancho Cucamonga, CA, 91739, engaged in the specific prohibitions as stated in 42 U.S.C. § 12182 and elsewhere in the ADA.

136.    Based on the facts stated within this civil rights complaint, Defendants discriminated against Plaintiff Alison Helen Fairchild as Defendant failed to demonstrate that the removal of any barrier is not readily achievable, and made such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods in a segregated manner, in violation of 42 U.S.C. § 12182.

137.    Plaintiff Alison Helen Fairchild has good cause to believe and in fact believes that the Defendants will continue to operate an inaccessible facility and to enforce illegal policies and practices, which will result in figure discrimination against similarly situated disabled persons, in violation of the Americans with Disabilities Act.

138.    As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 52 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

use public accommodations without restriction, which included retrieving her personal property from her self-storage unit safely, and using Defendants' entire facility safely, Plaintiff Fairchild has been deterred from such use of the public accommodations at Defendants' Storquest Rancho Cucamonga self-storage facility because of Defendants' failure to treat Plaintiff Fairchild equally by making all entrances, exits, parts, and facilities of Defendants' 11998 Arrow Route, Rancho Cucamonga location fully accessible.

139.    Defendants have a habit of creating discriminatory policies, practices and procedures that prevent full and equal access to the public accommodation. Alison Helen Fairchild believes that, and the evidence shows that, Defendants' illegal practices will continue and will result in future discrimination against similarly situated disabled persons, until an injunction is issued under the Americans with Disabilities Act.

140.    The failure to permit a disabled person to participate in ordinary life activities, such as those afforded by Defendants' public accommodation, severely affected the quality of Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendants' properties, which will require modification of Defendant's policies, practices and procedures as alleged herein and as the Court may deem proper.

141.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild civil rights right to equal public accommodations by intentionally refusing to accept rent from Plaintiff, even after she had been an authorized individual and non-tenant owner at Defendants' Storquest Rancho Cucamonga self-storage facility.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 53 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

142.   As part of a complete life, Plaintiff Alison Helen Fairchild wants to be able to travel and use public accommodations without restriction, which included renting and visiting Defendants' 11998 Arrow Route, Rancho Cucamonga, CA self-storage facility.

143.   Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to forcefully remove her from her self-storage unit's premises based on illegal and unconstitutional Storquest Rancho Cucamonga corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including their headquarters.

144.   Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to illegally list her personal property for sale, based on illegal and unconstitutional corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

145.   Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to dispose of her personal property by illegal listing her self-storage unit for auction, based on illegal and unconstitutional Storquest Rancho Cucamonga corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including their headquarters.

146.   Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by blocking her gate code access to her Rancho Cucamonga self-storage units, Units # 327 and 342 based on illegal and unconstitutional Storquest Rancho Cucamonga corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including their headquarters.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 54 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

147.    Plaintiff Fairchild has been deterred from such use of the public accommodation because of Defendants' failure to treat Plaintiff Fairchild equally by conspiring to request that city of Rancho Cucamonga police department peace officers to trespass her from 11998 Arrow Route, Rancho Cucamonga, CA self-storage facility based on illegal and unconstitutional Storquest Rancho Cucamonga corporate policies, practices, customs, procedures, actions, conduct, omission and decisions by Defendants' corporation, including its headquarters.

148.    Defendants have a habit of creating discriminatory policies, practices and procedures that prevent full and equal access to the public accommodation. Alison Helen Fairchild believes that, and the evidence shows that, Defendant's illegal practices will continue and will result in future discrimination against similarly situated disabled persons, until an injunction is issued under the Americans with Disabilities Act.

149.    Defendants have a habit of creating discriminatory policies, practices and procedures as evidenced in lawsuits filed against Defendants in *Dennen v. Storquest* **(1:18-cv-02738)**, *Holbach v. The William Warren Group, Inc.* et al **(8:15-cv-01387),** and *Taylor v. Hayward Self=Storage* et al **(4:17-cv-01424).**

150.    The failure to permit a disabled person to participate in ordinary life activities, such as those afforded by Defendants' public accommodation, severely affected the quality of Plaintiff Alison Helen Fairchild's life and produced an irreparable and continuing injury that cannot be compensated or remedied solely by the award of money. Accordingly, among other remedies, Alison Helen Fairchild seeks an injunctive order requiring compliance with federal laws allowing access to Defendants' facilities by disabled persons, and to stop all violations of the civil rights laws which exist at the Defendants' properties, which will require modification of Defendants' policies, practices and procedures as alleged herein and as the Court may deem proper.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 55 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

151.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by intentionally refusing to accept rent from Plaintiff, even after she had moved her personal property into her two self-storage units, Units # 327 and 342.

152.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by threatening to use law enforcement to have her removed from her 11998 Arrow Route, self-storage units' premises.

153.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by requesting that lawsuit enforcement trespass her from her self-storage unit's premises.

154.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by overlocking her self-storage units, Units # 327 and # 342.

155.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a second-class citizen by allowing Storquest Rancho Cucamonga tenants to deliberately and intentionally block her access to her self-storage unit, Unit # 342.

156.    Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 rights to equal public accommodations by disabling Plaintiff Fairchild's Storquest Rancho Cucamonga facility gate access code.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 56 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

157.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild American Disabilities Act of 1990 rights to equal public accommodations by conspiring to illegally and unconstitutionally advertising and planning to auction and/or otherwise dispose of Plaintiff Fairchild's self-storage units, Units # 327 and # 342..

158.   Defendants violated U.S.C. § 12101 by discriminating against Alison Helen Fairchild on the sole basis of her disability and/or handicap..

159.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 rights to equal public accommodations by refusing to modify its illegal and unlawful Storquest Rancho Cucamonga corporate policies to accommodate Plaintiff Fairchild so that she could occupy her rented two self-storage units for as long as she paid rent.

160.   Defendants violated U.S.C. § 12101 by intentionally denying Alison Helen Fairchild her American Disabilities Act of 1990 equal rights to public accommodations by treating her like a Second-class citizen by locking the Rancho Cucamonga's self-storage facility's public restroom/bathroom.

161.   Pursuant to *Munson v. Del Taco Inc. (2009) Cal. 4th 661, 668-669*, ADA violations of Defendants, as alleged herein, do not have to be intentional.

162.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands injunctive relief against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the third claim for relief of the Plaintiffs' civil rights complaint to enjoin Defendants from any further discriminatory policies that violate Title III of the American Disabilities Act of 1990.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 57 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

## FOURTH CLAIM FOR RELIEF---DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ,* ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10

163.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

164.   California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or [7] facilities:(a) (1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. Civil Code§ 54.1(a)(1)

165.   California Civil Code § 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1: (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act. Civil Code § 54. 1(d)

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 58 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

166.   Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1 whose rights have been infringed upon and violated by the Defendants, and each of them, as prescribed by §§ 54 and 54.1. Each specific barrier which Defendants knowingly and willfully failed and refused to remove constitutes a separate act in violation of §§ 54 and 54.1. Plaintiff Alison Helen Fairchild has been and continues to be denied full and equal access to Defendants' STORQUEST RANCHO CUCAMONGA located at 11998 Arrow Route, Units # 327 and 342, Rancho Cucamonga, California, 91739. As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to California Civil Code § 54.3(a) for each day since June 2, 2019 and she has not had a good night's rest since being discriminated against by Defendants' employees, and since learning that Defendants have conspired and planned to dispose of her self-storage unit. Defendants had done so without Plaintiff Fairchild engaging in any wrongdoing whatsoever with Defendants' facility guests, tenants, employees and/or management. Plaintiff Fairchild has knowledge and she believes that Defendants discriminated against persons with disabilities.

167.   California Civil Code § 54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54,1 and 54.2 is liable for each offense for the actual damages and any amount as may be

determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($ 1,000) and … attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

168.   From June 2, 2019 to this present day, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen Fairchild has

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 59 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

been denied access to Defendants' 11998 Arrow Route, Rancho Cucamonga, CA self-storage facility on the same basis as many Storquest Rancho Cucamonga guests/tenants that are not handicapped, and Defendants never offered to accommodate Plaintiff Fairchild based upon her disability. Plaintiff Fairchild was denied equal access on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

169.    Because of the denial of equal access to defendants' facilities. As a result of the denial of equal access to Defendants' commercial self-storage facility, due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining a public accommodation self-storage rental business, Plaintiff Alison Helen Fairchild suffered violations of her civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Code, and Plaintiff Alison Helen Fairchild has suffered from physical discomfort, bodily injury, severe emotional distress, mental distress, mental suffering, mental anguish, depression, a complete disruption of her life, anxiety, tightness in her chest, heart palpitations, panic attacks, insomnia and multiple sclerosis relapses.

170.    Defendants' actions conduct, and decisions have caused Plaintiff Fairchild to feel very uncomfortable feelings and emotions regarding her commercial self-storage occupancy at 11998 Arrow Route, Rancho Cucamonga, CA which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to Plaintiff Fairchild's damages as hereinafter stated and alleged.

171.    Defendants' actions and omissions to acts constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the Defendants' illegal and

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 60 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

unconstitutional Storquest corporate and/or franchise policies, that were created and maintained by the Defendants' corporate governance in the state of California, in violation of the subject laws, to use the public facilities hereinabove described on a full and equal basis as other persons.

172.    Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the barriers created and maintained by Defendants' unconstitutional corporate policies in violation of the subject laws, to occupy her two self-storage units, Units # 327 and # 342, uninterrupted, and discriminated against Plaintiff because Defendants allowed other non-disabled 11998 Arrow Route, Rancho Cucamonga, CA tenants and guests to occupy and rent commercial self-storage units at Defendants' 11998 Arrow Route, Rancho Cucamonga, CA commercial self-storage facility, as mentioned hereinabove, described on a full and equal basis as other persons.

173.    Plaintiff Alison Helen Fairchild has been damaged by Defendants, and each of their wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55 for violation of Plaintiff Alison Helen Fairchild's rights as a person that represents persons with physical disabilities on or about June 2, 2019, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

174.    Because of Defendants, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code, Plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 61 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

deemed the prevailing party. Additionally, Plaintiff Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendants to make its facilities accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by intentionally failing to modify its illegal and unconstitutional Storquest Rancho Cucamonga corporate policies, practices, procedures and decisions, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

175.    Defendants violated California Civil Code § 54.1 by refusing to accept rental payments from Plaintiff Fairchild.

176.    Defendants violated California Civil Code § 54.1 by conspiring to overlock her self-storage unit.

177.    Defendants violated California Civil Code § 54.1 by deactivating Plaintiff Fairchild's gate access code to 11998 Arrow Route, Rancho Cucamonga, CA, 91739 Storquest Rancho Cucamonga self-storage facility.

178.    Defendants violated California Civil Code § 54.1 by conspiring to illegally list and/or otherwise dispose of her self-storage unit and all personal property contained inside of her self-storage unit.

179.    Defendants violated California Civil Code § 54.1 by planning and conspiring to dispose of all her personal property located in self-storage unit, Unit $ 342, in June 2019.

180.    Defendants violated California Civil Code § 54.1 by their assistant manager Alexis Licea trespassing Plaintiff Fairchild from their 11998 Arrow Route, Rancho Cucamonga, CA self-

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 62 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

storage premises in June 2019.

181.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights to occupy her self-storage units, Units # 237 and # 342.

182.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Fairchild's 14th Amendment constitutional civil rights.

183.    Defendants violated California Civil Code § 54.1 by their managers Tyrone Grace and Alexis Licea, and so many others, intentionally mistreating Plaintiff Fairchild.

184.    Defendants violated California Civil Code § 54.1 by their management refusing to accept rent so that they can initiate illegal and unconstitutional public auction proceedings against her.

185.    Defendants violated California Civil Code § 54.1 by maintaining a corporate policy that the restrooms should be kept locked and only opened when a Storquest tenant was present.

186.    Defendants violated California Civil Code § 54.1 by maintaining a corporate policy of failing to maintain and install the appropriate number of handicap parking spaces.

187.    Defendants violated California Civil Code § 54.1 by maintaining a corporate policy of allowing Storquest Rancho Cucamonga tenants and guests to physically block Plaintiff Fairchild access to her self-storage unit, Unit # 342.

188.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc.,

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 63 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the fourth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

**FIFTH CLAIM FOR RELIEF---DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§ 54, 54.1 AND 54.3, *ET SEQ*, ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

189.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

190.    At all times, relevant to this action, California Civil Code § 54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability. This section provides that:(a) Individuals with disabilities… have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

191.    California Civil Code § 54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:(a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses. streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 64 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons. Civil Code§ 54.1(a)(1)

192.   California Civil Code § 54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1: (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act. Civil Code § 54. 1(d)

193.   Plaintiff Alison Helen Fairchild is a person within the meaning of Civil Code § 54.1 whose rights have been infringed upon and violated by the Defendants, and each of them, as prescribed by §§ 54 and 54.1. Each specific barrier which Defendants knowingly and willfully failed and refused to remove constitutes a separate act in violation of §§ 54 and 54.1. Plaintiff Alison Helen Fairchild has been and continues to be denied full and equal access to Defendants' STORQUEST RANCHO CUCAMONGA commercial self-storage facility located at 11998 Arrow Route, Units # 327 and 342, Rancho Cucamonga, California, 91739. As a legal result, Plaintiff Alison Helen Fairchild is entitled to seek damages pursuant to California Civil Code § 54.3(a) for each day since June 2, 2019 that Plaintiff Fairchild has been discriminated against by Defendants, and their employees of Storquest Rancho Cucamonga. Plaintiff Fairchild has knowledge and she believes that Defendants discriminated against other persons with disabilities besides herself between June 2, 2019 and until the present day.

194.   California Civil Code § 54.3(a) provides:

Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
–Page 65 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

interferes with the rights of an individual with a disability under Sections 54, 54,1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($ 1,000) and … attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2. Civil Code § 54.3(a)

195.   From on or about June 2, 2019 to this present day, Plaintiff Alison Helen Fairchild continues to suffer violations of §§ 54 and 54.1 of the Civil Code in that Plaintiff Alison Helen Fairchild has been denied access to Defendants' Storquest Rancho Cucamonga self-storage facility while many Storquest Rancho Cucamonga tenants/non-tenants and authorized individuals that are not handicapped were accommodated and provided customer service, and Defendants never offered to accommodate Plaintiff Fairchild based upon her disability. Plaintiff Fairchild was denied equal access on the basis that Plaintiff Alison Helen Fairchild was a person with physical disabilities.

196.   Because of the denial of equal access to Defendants' Storquest Rancho Cucamonga. As a result of the denial of equal access to Defendants' 11998 Arrow Route, Rancho Cucamonga, CA self-storage facility due to the acts and omissions of Defendants, and each of them, in owning, operating and maintaining a public accommodation commercial self-storage facility, Plaintiff Alison Helen Fairchild suffered violations of her civil rights, including but not limited to rights under §§ 54, 54.1 and 54.3, Civil Code, and Plaintiff Alison Helen Fairchild has suffered from physical discomfort, bodily injury, severe emotional distress, mental distress, mental suffering, mental anguish, depression, a complete disruption of her life, anxiety, tightness in her chest, heart palpitations, panic attacks, insomnia and multiple sclerosis relapses.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 66 of  157          *Arogant Hollywood, et al v. Storquest Inc., et al*

197.     Defendants' actions conduct, and decisions have caused Plaintiff Fairchild to feel very uncomfortable feelings and emotions regarding her visits to Defendants' Storquest Rancho Cucamonga commercial self-storage facility, which includes shame, humiliation, embarrassment, frustration, anger, disappointment and worry, all of which are expectedly and naturally associated with a denial of a person with physical disabilities, all to Plaintiff Fairchild's damages as hereinafter stated.

198.     Defendants' actions and omissions to acts herein alleged constituted discrimination against Plaintiff Alison Helen Fairchild on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the Defendants' illegal and unconstitutional Storquest Rancho Cucamonga commercial self-storage facility policies that were created and maintained by the Defendants in violation of the subject laws, to use the public accommodation 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility hereinabove described on a full and equal basis as other persons.

199.     Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is a person that represents persons with physical disabilities and unable, because of the barriers created and maintained by Defendants' corporate policies in violation of the subject laws, to occupy her commercial self-storage unit. Plaintiff Fairchild was discriminated against by Defendants, because Defendants allowed other non-disabled tenants/non-tenants owners and authorized individuals to, as mentioned hereinabove, to receive customer service and commercial self-storage facility privileges on a full and equal basis, while they refused and/or failed to provide the same customer service and commercial self-storage privileges as non handicapped Storquest Rancho Cucamonga tenants and/or guests.

200.     Plaintiff Alison Helen Fairchild, on the sole basis that Plaintiff Alison Helen Fairchild is

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 67 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

a person that represents persons with physical disabilities and unable, because of the physical barriers created and maintained by Defendants' Storquest Rancho Cucamonga self-storage facility, Plaintiff Fairchild has been unable to use Defendants' self-storage facility on the same equal basis as many other non-handicapped tenants/non-tenant owners and authorized individuals of Defendants' Storquest Rancho Cucamonga self-storage facility.

201.   Plaintiff Alison Helen Fairchild has been damaged by Defendants, and each of their wrongful conduct and seeks the relief that is afforded by Civil Code §§ 54 and 54.1, 54.3 and 55 for violation of Plaintiff Alison Helen Fairchild's rights as a person that represents persons with physical disabilities on or about June 2, 2019, and on a continuing basis since then, including statutory damages, a trebling of all of actual damages, general and special damages available pursuant to § 54.3 of the Civil Code according to proof.

202.   Because of Defendants, and each of their acts and omissions in this regard, Plaintiff Alison Helen Fairchild has been required to incur legal expenses needed for research, to enforce Plaintiff's rights and enforce the provisions of the law protecting access for persons with physical disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to the provisions of § 54.3 and § 55 of the Civil Code, Plaintiff Alison Helen Fairchild therefore will seek recovery in this lawsuit for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally, Plaintiff Fairchild's lawsuit is intended not only to obtain compensation for damages to herself, but also to compel the Defendants to make their STORQUEST RANCHO CUCAMONGA accessible to all members of the public with disabilities, and to cease interfering with the rights of all members of the public with disabilities by intentionally failing to modify its illegal and unconstitutional corporate policies, practices, procedures and decisions, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to the provisions of § 1021.5 of the Code of Civil Procedure.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 68 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

203.    Defendants violated California Civil Code § 54.1 by refusing to accept rental payments from Plaintiff Fairchild.

204.    Defendants violated California Civil Code § 54.1 by conspiring to overlock her self-storage unit.

205.    Defendants violated California Civil Code § 54.1 by deactivating Plaintiff Fairchild's gate access code to 11998 Arrow Route, Rancho Cucamonga, CA, 91739.

206.    Defendants violated California Civil Code § 54.1 by allowing Storquest tenants/customers to physically block Plaintiff Fairchild access to her self-storage unit, Unit # 342.

207.    Defendants violated California Civil Code § 54.1 by planning and conspiring to dispose of all her personal property located in self-storage unit, Unit # 342, in June 2019

208.    Defendants violated California Civil Code § 54.1 by trespassing Plaintiff Fairchild from her 11998 Arrow Route, Rancho Cucamonga, CA self-storage premises in June 2019.

209.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Alison Helen Fairchild's civil rights to occupy her self-storage unit, Unit # 342.

210.    Defendants violated California Civil Code § 54.1 by interfering with Plaintiff Fairchild's 14th Amendment constitutional civil rights.

211.    Defendants violated California Civil Code § 54.1 by their employees Tyrone Grace and Alexis Licea, and so many others, intentionally mistreating Plaintiff Fairchild.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 69 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

212.   Defendants violated California Civil Code § 54.1 by their management refusing to accept rent so that Defendants could illegally dispose of Fairchild's self-storage unit at an illegally planned unconstitutional public auction scheduled in August or September 2019.

213.   Defendants violated California Civil Code § 54.1 by their management refusing to accept rent so that they can initiate illegal and unconstitutional public auction proceedings against Fairchild.

214.   Defendants violated California Civil Code § 54.1 by their management intentionally locking the restroom located inside of the Storquest Rancho Cucamonga self-storage facility's front office.

215.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the fifth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

**SIXTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE SECTION 51.5 ALLEGED BY AROGANT HOLLYWOOD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

216.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-215.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 70 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

217.    Plaintiff **AROGANT HOLLYWOOD** is a tenant owner of two commercial self-storage units at Defendants' self-storage facility, which entitled him to his right to pay for his self-storage unit rent and continue to have commercial, non-residential occupy at Defendants' Storquest Rancho Cucamonga location before, on and after May 31, 2019.

218.    At all relevant times Defendants acted under the color of state law.

219.    The conduct of Defendants violated California Civil Code § 51.5 in that Defendants Storquest Rancho Cucamonga retail location, a business establishment, discriminated against, boycotted, or blacklisted, or refused to buy from, contract with, sell to or trade with Plaintiff Arogant Hollywood based on his race, color, religion, ancestry, and national origin.

220.    As a direct and legal result of Defendants' violation of Civil Code § 51.5 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

221.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiff Arogant Hollywood suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to federal laws and any other provision of law providing for prejudgment interest.

222.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Plaintiff suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, a complete disruption of his life, and mental pain and anguish, all to the Plaintiff's damage in an amount to be proven at time of trial.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 71 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

__SKIP__

223.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants. Plaintiff Arogant Hollywood has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

224.   The conduct of Defendants and their employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant Hollywood's civil rights and done by management employees of Defendants. Plaintiff Arogant Hollywood is thereby entitled to an award of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

225.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the sixth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood for his damages, together with costs and attorneys' fees in this action.

**SEVENTH CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 ALLEGED BY PLAINTIFF AROGANT HOLLYWOOD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

226.   Plaintiff Arogant Hollywood re-allege and incorporate by reference paragraphs 1-225.

227.   California Civil Code § 52.`1 (b), states the following: Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 72 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right of rights secured.

228.    The conduct of Defendants violated California Civil Code § 52.1, in that Defendants, attempted to, and did, by threats, intimidation, or coercion, interfered with Plaintiff Arogant Hollywood's civil rights secured by the Constitution or laws of the United States, including the right to be free from discrimination.

229.    The conduct of Defendants violated California Civil Code § 52.1, in that Defendants, attempted to, and did, by threats, intimidation, or coercion, interfered with Plaintiff Arogant Hollywood's civil rights secured by the Constitution or laws of the United States, including Plaintiff's 14th amendment right to not be denied property without due process of law.

230.    Defendants' interference with Plaintiff Arogant Hollywood's exercise and enjoyment of his civil and constitutional rights, as herein alleged, were due to Plaintiff's race, color, religion, ancestry, and national origin.

231.    Defendants attempted to, and did, by threats, intimidation, and coercion, interfere with the exercise and enjoyment of the civil and constitutional rights of Plaintiff Hollywood secured by the California State Constitution.

232.    Defendants' interference with Plaintiff's enjoyment of his civil and constitutional rights, as alleged herein, was due to Plaintiff's race, color, religion, ancestry, and national origin.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 73 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

233.    Such actions by Defendants were without any legitimate cause or justification and were intentional, malicious, reckless and in bad faith.

234.    As a direct and legal result of Defendants' violation of Civil Code § 52.1 and other state constitutional rights, Plaintiff Arogant Hollywood suffered violations of his civil rights.

235.    By virtue of the provisions of Civil Code § 52.1, Defendants acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of their conduct and accordingly, Plaintiff Hollywood is entitled to and hereby demand punitive and exemplary damages for the sake of example and by way of punishing Defendants in an amount to be proven at trial.

236.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Arogant Hollywood is entitled to and demand three times the amount of actual damages.

237.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demand a civil penalty of twenty-five thousand dollars.

238.    By virtue of the provisions of Civil Code § 52.1, Plaintiff is entitled to and demands and award of reasonable attorneys' fees.

239.    By virtue of the provisions of Civil Code § 52.1, Plaintiff seek, on his own behalf and on behalf of the general public, an injunction to prohibit Defendants from engaging in the unfair business practices complained of herein.

240.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiff Arogant

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 74 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1  Hollywood's civil rights, and done by managerial employees of Defendants Alexis Licea,

2  Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace,

3  Storquest Rancho Cucamonga and DOES 1-10. Plaintiff is thereby entitled to an award of

4  punitive damages against Defendants, in an amount appropriate to punish and make an example

5  of Defendants, and in an amount to conform to proof.

6

7  241.   **WHEREFORE**, Plaintiff Arogant Hollywood demands judgment against Defendants

8  Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc.,

9  Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the seventh claim for relief of

10 Plaintiffs' civil rights complaint in the amount that will justly compensate Plaintiff Hollywood

11 for his damages, together with costs and attorneys' fees in this action.

12

13 **EIGHTH CLAIM FOR RELIEF---DISCRIMINATION IN VIOLATION OF TITLE II**

14 **OF THE CIVIL RIGHTS ACT of 1964, U.S.C. 42 § 1981 (EQUAL RIGHTS) ALLEGED**

15 **BY PLAINTIFFS AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD AS**

16 **AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-**

17 **STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE,**

18 **STORQUEST RANCHO CUCAMONGA & DOES 1-10**

19

20 242.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by

21 reference paragraphs 1-241.

22

23 243.   Plaintiff Arogant Hollywood is of African American (black) descent, and Plaintiff's race

24 is black. As a black man Plaintiff Hollywood is part of a group of protected United States

25 citizens.

26

27 244.   Plaintiff Alison Helen Fairchild is Caucasian and disabled. As a disabled female Plaintiff

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 75 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1   Fairchild is a part of a group of protected United States citizens.

2

3   245.   Under Title II of Civil Rights Act of 1964 Defendants may not discriminate against

4   Arogant Hollywood based on his race, and Defendants may not discriminate against Plaintiff

5   Fairchild based on her disability.

6

7   246.   Plaintiff Hollywood hereby alleges that Defendants employees treated similarly situated

8   individuals outside of his racial group differently by renting self-storage units to white/Anglo or

9   Caucasian Storquest Rancho Cucamonga self-storage customers.

10

11   247.   Plaintiff Fairchild hereby alleges that Defendants employees treated similarly situated

12   individuals outside of her protected class of United States citizens differently renting self-

13   storage units to non-handicapped Storquest Rancho Cucamonga self-storage customers.

14

15   248.   Plaintiff Hollywood hereby alleges that Defendants and their Storquest Rancho

16   Cucamonga employees were motivated by racial animus when they refused to contract with

17   Arogant Hollywood on equal terms as Defendants' white Storquest Rancho Cucamonga

18   tenants/patrons/customers of Storquest Rancho Cucamonga.

19

20   249.   Plaintiff Fairchild hereby alleges that Defendants and their Storquest Rancho Cucamonga

21   employees were motivated by disability animus when they refused to contract with Alison Helen

22   Fairchild on equal terms as non-handicapped guests/tenants/patrons/customers of Storquest

23   Rancho Cucamonga.

24

25   250.   Plaintiff Hollywood hereby alleges that Defendant's refusal to contract on equal terms

26   was based on Plaintiff's race, ethnicity, and/or national origin.

27

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 76 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

251.    Plaintiff Fairchild hereby alleges that Defendant's refusal to contract on equal terms was based on Plaintiff's disability.

252.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated the Storquest Rancho Cucamonga rental contract of Arogant Hollywood,

253.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated the rental contract of Arogant Hollywood, as evidenced by several of Defendants' Caucasian and/or Anglo employees threatening to contact law enforcement on Plaintiff Hollywood and conspiring to initiate false and frivolous court proceedings against Hollywood.

254.    Plaintiff Fairchild hereby alleges that Defendants were motivated by disability animus when they terminated the authorized access of Alison Helen Fairchild, as evidenced by several of Defendants' Caucasian or Anglo employees threatening to contact the police on Plaintiff Fairchild and requesting that the police physically remove Plaintiff from her 11998 Arrow Route self-storage unit premises in June 2019.

255.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they blocked and/or revoked the gate code access of Plaintiff Hollywood, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

256.    Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when Alexis Licea threatened to have city of Rancho Cucamonga police department peace officers physically remove, and trespass Plaintiff from his self-storage units' premises.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 77 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

257. Plaintiff Fairchild hereby alleges that Defendants were motivated by disability animus when Alexis Licea threatened to have city of Rancho Cucamonga police department peace officers physically remove, and trespass Plaintiff from her self-storage unit's premises.

258. Plaintiff Hollywood hereby alleges that Defendants were motivated by racial animus when they terminated his rental lease and demanded that he vacate his two self-storage units, Units # 327 and # 342..

259. Plaintiff Fairchild hereby alleges that Defendants were motivated by disability animus when they terminated the authorized access of Alison Helen Fairchild, as evidenced by several of Defendants' employees calling harsh mistreatment of Plaintiff Fairchild by failing to maintain adequate handicapped parking, deliberately locking public restrooms, intentionally allowing Storquest tenants to block Fairchild access to her self-storage unit. and threatening to request that city of Rancho Cucamonga police department peace officers physically remove Plaintiff Fairchild when she had engaged in zero wrongdoing.

260. Plaintiff Arogant Hollywood hereby alleges that he is a member of a racial minority, that Defendants intended to discriminate against him based on his race, and that the discrimination concerned at least one, if not more, of the activities enumerated in the statute.

261. Plaintiff Arogant Hollywood hereby alleges that he is a member of a racial minority, that Defendants intended to discriminate against him based on his race, and that the discrimination concerned at least one, if not more, of the activities enumerated in the statute.

262. Plaintiff Alison Helen Fairchild hereby alleges that he is a member of a disabled persons protected under the United States Constitution, and that Defendants intended to discriminate against Plaintiff based on her disability, and that the discrimination concerned at least one, if not

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 78 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

more, of the activities enumerated in the statute.

263.    Plaintiff Arogant Hollywood alleges that those benefits, privileges, terms and conditions of which Arogant Hollywood was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by white citizens of the United States, in violation of 42 U.S.C. § 1981.

264.    Plaintiff Alison Helen Fairchild alleges that those benefits, privileges, terms and conditions of which Alison Helen Fairchild was deprived or whose right to same was impaired by acts of discrimination, were enjoyed by non-handicapped citizens of the United States, in violation of 42 U.S.C. § 1981.

265.    Plaintiff Arogant Hollywood hereby alleges that the discrimination complained of is causally connected to his race, which is black, confession of discrimination is not necessary for finding evidence of discrimination).

266.    Plaintiff Alison Fairchild hereby alleges that the discrimination complained of is causally connected to her disability, confession of discrimination is not necessary for finding evidence of discrimination).

267.    On information and belief the facts as alleged herein present sufficient evidence that Defendants denied Plaintiff Hollywood equal access and privileges while white Storquest Rancho Cucamonga guests/tenants/non-tenant owners and authorized individuals were allowed to enter and receive the accommodation and services of Defendants' Storquest Rancho Cucamonga, and that Defendants denied Arogant Hollywood the right to "make and enforce contracts on the same basis as white citizens", while at the same time Defendants refused to accept  Storquest Rancho Cucamonga rental payments from Plaintiff Hollywood.

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
–Page 79 of  157          *Arogant Hollywood, et al v. Storquest Inc., et al*

268.   On information and belief the facts as alleged herein present sufficient evidence that Defendants denied Plaintiff Fairchild equal access and privileges while non handicapped Storquest Rancho Cucamonga guests/tenants/non-tenant owners and authorized individuals were allowed to enter and receive the accommodation and services of Defendants' Storquest Rancho Cucamonga, and that Defendants denied Plaintiff Fairchild the right to "make and enforce contracts on the same basis as non handicapped Storquest Rancho Cucamonga guests/tenants/non-tenant owners and authorized individuals, while at the same time Defendants refused to accept Storquest Rancho Cucamonga rental payments from Plaintiff Fairchild.

269.   Plaintiff Arogant Hollywood hereby alleges that the facts as alleged herein present sufficient evidence that Defendants denied Plaintiff Hollywood equal access and privileges while white 11998 Arrow Route, Rancho Cucamonga, CA guests/tenants were allowed to enter and receive the accommodation and services of Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility, and that Defendants denied Arogant Hollywood the right to "make and enforce contracts on the same basis as white citizens", while at the same time Defendants refused to accept rental payments from Plaintiff Hollywood, conspired, and forced him off his self-storage premises by threatening to employ illegal self-help eviction tactics with the city of Rancho Cucamonga assisting, and by demanding that Plaintiff Hollywood vacate Storquest Rancho Cucamonga's premises which was paid in full for thirty consecutive days at the time and place of said unconstitutional actions of Defendants' employees, while Defendants did accommodate, serve, make contracts, and accept rent from white tenants and guests paying for self-storage units at Defendants' 11998 Arrow Route Storquest Rancho Cucamonga location.

270.   Plaintiff Arogant Hollywood attempted to contract with Defendants' 11998 Arrow Route, Rancho Cucamonga Storquest self-storage facility but was repeatedly prevented from doing so. Because Plaintiff Hollywood was denied reasonable accommodation into 11998 Arrow Route

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 80 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Storquest Rancho Cucamonga when Arogant Hollywood attempted to gain entry, and when Plaintiff Hollywood attempted to make a rental payment, and therefore Plaintiff Hollywood states a plausible cause of action under § 1981 because similarly situated Caucasian tenants and guests were allowed reasonable accommodation to enter 11998 Arrow Route Storquest Rancho Cucamonga self-storage facility and enter into a contract with said Defendants.

271.   Plaintiff Arogant Hollywood hereby alleges that Defendants' refusal to allow him reasonable accommodation to occupy 11998 Arrow Route Storquest Rancho Cucamonga, Units # 327 and # 342, after Plaintiff Hollywood had in fact paid for his self-storage units for thirty consecutive days, and committed no wrongdoing, was the equivalent to a refusal to contract with Plaintiff Hollywood.

272.   It was a discriminatory refusal to deal, and the license to enter Defendants' 11998 Arrow Route Storquest Rancho Cucamonga was necessary to make good on Plaintiff Hollywood's implicit invitation to deal. Defendants; refusal to accommodate Plaintiff Arogant Hollywood denied a male African American the right to contract on the same terms and conditions as is enjoyed by white citizens. Further, race-based harassment interferes with the right of a customer of color to contract on the same terms as white customers/patrons/tenants.

273.   Plaintiff Hollywood hereby alleges that by him paying his self-storage unit's rent at Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga for thirty consecutive days, Plaintiff Hollywood created a contractual relationship, which could not be terminated. Plaintiff Hollywood's occupancy of self-storage unit, Units # 327 and # 342 created a privilege or benefit of the contractual relationship between Plaintiff Hollywood and Defendants.

274.   Plaintiff Fairchild hereby alleges that by paying her self-storage unit's rent at

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 81 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Defendants' 11998 Arrow Route Storquest Rancho Cucamonga, Rancho Cucamonga, CA for thirty consecutive days, Plaintiff Fairchild created a contractual relationship, which could not be terminated. Plaintiff Fairchild's occupancy of her two self-storage units, Units # 327 and # 342 created a privilege or benefit of the contractual relationship between Plaintiff Fairchild and Defendants.

275.    Defendants conspired and threatened to use deadly force on Plaintiff Hollywood by employing illegal self-help eviction tactics that would have been assisted by the city of Rancho Cucamonga police department.

276.    Defendants conspired and threatened to force Plaintiff Fairchild out of her self-storage unit by employing illegal self-help eviction tactics that would have been assisted by the city of Rancho Cucamonga police department.

277.    Plaintiff Arogant Hollywood attempted to contract with Defendants' Storquest Rancho Cucamonga but was repeatedly prevented from doing so. Because Plaintiff Hollywood was denied reasonable accommodation into Storquest Rancho Cucamonga when Arogant Hollywood attempted to gain entry, and when Plaintiff Hollywood attempted to make Storquest Rancho Cucamonga rental payment, and therefore Plaintiff Hollywood states a plausible cause of action under § 1981 because similarly situated Caucasian tenants and guests were allowed reasonable accommodation to enter Storquest Rancho Cucamonga self-storage units and enter into a contract with said Defendants.

278.    Plaintiff Fairchild attempted to contract with Defendants' Storquest Rancho Cucamonga but was repeatedly prevented from doing so. Because Plaintiff Fairchild was denied reasonable accommodation into Storquest Rancho Cucamonga when she attempted to gain entry, and when Plaintiff Fairchild attempted to make Storquest Rancho Cucamonga rental payments, and

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 82 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1    therefore Plaintiff Fairchild states a plausible cause of action under § 1981 because similarly

2    situated non-handicapped tenants and guests were allowed reasonable accommodation to enter

3    Storquest Rancho Cucamonga self-storage units and enter into a contract with said Defendants.

4

5    279.    Defendants' refusal to allow Plaintiff Hollywood reasonable accommodation to occupy

6    Storquest Rancho Cucamonga self-storage units, after Plaintiff Hollywood had in fact paid for

7    his self-storage unit for thirty consecutive days, and committed no wrongdoing, was the

8    equivalent to a refusal to contract with Plaintiff Hollywood. It was a discriminatory refusal to

9    deal, and the license to enter Defendants' Storquest Rancho Cucamonga was necessary to make

10   good on Plaintiff Hollywood's implicit invitation to deal. Defendants' refusal to accommodate

11   Plaintiff Arogant Hollywood denied a male African American the right to contract on the same

12   terms and conditions as is enjoyed by white citizens. Further, race-based harassment interferes

13   with the right of a customer of color to contract on the same terms as white customers. See *Brief*

14   *of Amicus Curia Lawyers' Committee for Civil Rights Under Law, at 5, Hampton v. Dillard*

15   *Dep't Stores, 247 F. 3d 1091 (10th Cir. 2001) (Nos. 98 3011, 98-3261) cert. denied, 534 U.S.*

16   *1131 (2002).*

17

18   280.    Defendants' refusal to allow Plaintiff Fairchild reasonable accommodation to occupy her

19   self-storage units, Units # 327 and # 342 , after Plaintiff Fairchild had in fact paid for her self-

20   storage unit for thirty consecutive days, and committed no wrongdoing, was the equivalent to

21   Defendants' refusal to contract with Plaintiff Fairchild. It was a discriminatory refusal to deal,

22   and the license to enter Defendants' self-storage unit was necessary to make good on Plaintiff

23   Fairchild's implicit invitation to deal. Defendants' refusal to accommodate Plaintiff Alison

24   Helen Fairchild denied a disabled United States citizen the right to contract on the same terms

25   and conditions as is enjoyed by non-handicapped guests and tenants of Defendants' Storquest

26   Rancho Cucamonga.

27

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 83 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

281.    On information and belief by Plaintiff paying his self-storage rent at Defendants' Storquest Rancho Cucamonga facility for thirty consecutive days, Plaintiff Hollywood created a contractual relationship, which could not be terminated. Plaintiff Hollywood created a privilege or benefit of the contractual relationship between himself and Defendants.

282.    On information and belief by Plaintiff paying her rent at Defendants' Storquest Rancho Cucamonga for thirty consecutive days, Plaintiff Fairchild created a contractual relationship, which could not be terminated. Plaintiff Fairchild created a privilege or benefit of the contractual relationship between herself and Defendants.

283.    Because of the violations of Plaintiff Arogant Hollywood's rights under 42 U.S.C. § 1981, Plaintiff Hollywood has been damaged and claims entitlement to all relief as may have afforded him to redress said wrongs.

284.    Because of the violations of Plaintiff Alison Helen Fairchild's rights under 42 U.S.C. § 1981, Plaintiff Fairchild has been damaged and claims entitlement to all relief as may have afforded her to redress said wrongs.

285.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild maintain that the Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10, and each and all of them, are directly liable to Plaintiffs under 42 U.S.C. § 1981 for the deliberate and intentional actions of their Storquest Rancho Cucamonga employees, and their agents and/or partners and/or joint ventures and/or employees and/or representatives.

286.    Plaintiff Arogant Hollywood maintains alternately that Defendants are liable to Plaintiff Hollywood under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 84 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

287.   Plaintiff Alison Helen Fairchild maintains alternately that Defendants are liable to Plaintiff Fairchild under 42 U.S.C. § 1981 pursuant to the doctrine of respondeat superior.

288.   Punitive damages are available under 42 U.S.C. § 1981 "[A] jury may be permitted to assess punitive damages" in a civil rights case "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves recklessness or callous indifference to the federally protected rights of others." *Smith v. Wade, 461 U.S. 30, 56 (1983)* (applying common law tort rules to action brought under 42 U.S.C. § 1983); **see also** *Kolstad v. American Dental Ass'n, 527 U.S. 526, 535 (1999)* (recognizing that Congress adopted the Wade standard in providing for punitive damages in Title II and ADA cases); *Bisbal-Ramos v. City of Mayaguez 467 F.3d 16, 25 (1ˢᵗ Cir. 2006)* (quoting Wade)

289.   Plaintiff Arogant Hollywood proffers that the same reasons that punitive damages are necessary to deter the Defendants from engaging in discriminatory conduct in the future, this Court should fashion an appropriate injunction ordering the Defendants to take affirmative steps to prevent similar occurrences.

290.   Plaintiff Alison Helen Fairchild proffers that the same reasons that punitive damages are necessary to deter the Defendants from engaging in discriminatory conduct in the future, this Court should fashion an appropriate injunction ordering the Defendants to take affirmative steps to prevent similar occurrences.

291.   Plaintiff Arogant Hollywood avers that this Court must impose injunction to force Defendants to take steps to stop its discriminatory treatment of similarly situated African American tenants and guests.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 85 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

292.    Plaintiff Alison Helen Fairchild avers that this Court must impose injunction to force Defendants to take steps to stop its discriminatory treatment of similarly situated disabled tenants and guests.

293.    On information and belief, Defendants engaged in intentional discrimination based on Plaintiff Arogant Hollywood's perceived race, color, ethnicity, or ancestry, and caused Plaintiff Hollywood to suffer deprivation of his right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

294.    On information and belief, Defendants engaged in intentional discrimination based on Plaintiff Alison Helen Fairchild's perceived disability and caused Plaintiff Fairchild to suffer deprivation of her right make and enforce contracts, with deliberate and substantial disregard for Plaintiff's rights.

295.    Defendants' actions violated 42 U.S.C. § 1981, et seq. This Court cannot in good conscience remain silent while California citizens are subject to invidious racial and disability discrimination.

296.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild had a contract with Defendants' Storquest Rancho Cucamonga. Plaintiffs created this contract by paying rent for use of their two self-storage units, Units # 327 and 342.

297.    Defendants' breached this contract when they threatened to contact city of Rancho Cucamonga police department and refused to accept rental payments from either Plaintiff.

298.    The employees and managers of Defendants' Storquest Rancho Cucamonga were at all relevant times agents and/or employees of Defendants. The employees and managers that

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 86 of 157       Arogant Hollywood, et al v. Storquest Inc., et al

intentionally discriminated against Plaintiffs Arogant Hollywood and Alison Helen Fairchild were at all times acting at the directions of agent of Defendants.

299.    Plaintiff Arogant Hollywood seek, on his own behalf and the general public, full compensation for the discriminatory acts he suffered.

300.    Plaintiff Alison Helen Fairchild seek, on her own behalf and the general public, full compensation for the discriminatory acts she suffered.

301.    As a direct, foreseeable, and proximate result of and wrongful acts by Defendants. Plaintiff Arogant Hollywood suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the time of trial.

302.    As a direct, foreseeable, and proximate result of and wrongful acts by Defendants. Plaintiff Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at the time of trial.

303.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants. Plaintiffs have incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

304.    The conduct of Defendants and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of Plaintiffs' civil rights, and done by managerial employees of Defendants. Plaintiffs Arogant Hollywood

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 87 of 157          *Arogant Hollywood, et al v. Storquest Inc., et al*

1    and Alison Helen Fairchild are thereby entitled to an award of punitive damages against

2    Defendants in amount appropriate to punish and make an example of Defendants, and in an

3    amount to conform to proof.

4

5    305.    **WHEREFORE,** Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands

6    judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC

7    Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on

8    the ninth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly

9    compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this

10   action.

11

12   **TENTH CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO**

13   **INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFFS AROGANT**

14   **HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS**

15   **ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST**

16   **LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA**

17   **& DOES 1-10**

18

19   306.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by

20   reference paragraphs 1-305.

21

22   307.    At all relevant times, Defendants' Caucasian and Anglo district managers, supervisors

23   and employees were employed by and were fully involved with the interest of having Arogant

24   Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998

25   Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises

26   permanently.

27

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 88 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

308.   This federal claim for relief is brought against Defendants pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1985.

309.   42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

310.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges conspiracy to interfere with his civil rights under 42 U.S.C. § 1985(3). Section 1985(3) provides, in pertinent part, that: "If two or more persons…go…on the premises of another, for the purpose of depriving…any person…of the equal protection of the laws, or of equal privileges and immunities under the laws, or for the purpose of preventing or hindering the constituted authorities…from giving or securing to all persons… the equal protection of the laws[;]…the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation…." *Id*. It is well settled that "[t]o state a claim under § 1985(3), there must be 'some racial, or perhaps otherwise class-based invidiously discriminatory animus behind the conspirators' action.'" *Gedrich v. Fairfax County Dep't of Family Servs., 91 S.Ct. 1790, 29 L. Ed. 2d 338 (1971))*.

311.   Defendant conspirator(s) become the agent of the other conspirator(s), and any act done by one of the combination is regarded under the law as the act of both or all. In other words, what one does, if there is this combination, becomes the act of both or all of them, no matter which individual may have done it. This is true to each member of the conspiracy, even those whose involvement was limited to a minor role in the unlawful transaction, and it makes no difference whether or not such individual shared in the profits of the actions. (Am. Jur. Pleading and Practice Forms, Conspiracy § 9).

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 89 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

312.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild alleges that the Defendants, and each of them, engaged in an illegal conspiracy to interfere with Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

313.   Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Arogant Hollywood as a member of the African American (black) class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

314.   Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Alison Helen Fairchild as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

315.   As alleged herein, Defendants maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Defendants and many of their employees violated § 1985 by each of them participating in plans and conspiracies to forcefully remove Plaintiffs, use law enforcement to physically remove Plaintiffs, by blocking Plaintiffs from paying self-storage rent on Units # 327 and # 342, by deactivating Plaintiffs' gate access code, by conspiring and planning to sell or otherwise dispose of Plaintiffs' personal property and/or empty out Plaintiffs' self-storage unit, in violation of California state law and federal statutes as well. By conspiring to overlock Plaintiffs' two self-storage units while they were not in default of their rental payments on either unit. By engaging in these conspired acts together, and with multiple conspirators involved, Defendants denied Plaintiffs Alison Helen Fairchild and Arogant Hollywood reasonable accommodation, and denied Plaintiffs their rights to make and enforce contracts with Defendants' 11998 Arrow Route, Rancho Cucamonga, CA self-storage facility, and by doing all the above, Defendants

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 90 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights pursuant to 42 U.S.C. § 1985(3), and all of evil, cruel, malicious, and discriminatory acts were done solely, and specifically based on Plaintiff Hollywood's race and Plaintiff Fairchild's disability.

316.    Each act done in pursuance of the conspiracy by one of several conspirators is, in contemplation of law, an act for which each is jointly and severally liable, and this liability applies to damages accruing prior to the person's joining the conspiracy or thereafter and regardless of whether the person took a prominent or an inconspicuous part in the execution of the conspiracy. (Am. Jur. 2d Conspiracy §§ 70, 71).

317.    A civil conspiracy is a combination of two or more persons by some concerted action to accomplish some criminal or unlawful purpose, or to accomplish some purpose not in itself criminal or unlawful by criminal or unlawful means. The conspiratorial agreement need not be in any particular form and need not extend to all the details of the conspiratorial scheme, so long as its primary purpose is to cause injury to another/Plaintiffs Arogant Hollywood and Alison Helen Fairchild. The gist of a civil conspiracy is not the unlawful agreement, but the damage resulting from that agreement and its execution. The cause of the action is not created by the conspiracy, but by the wrongful acts done by the Defendants that injured Plaintiffs Arogant Hollywood and Alison Helen Fairchild. (Am. Jur. Pleading and Practice Forms, Conspiracy § 7).

318.    A conspiracy may be proved by circumstantial evidence. This is because people who engage in such agreements may not voluntarily proclaim to others their purpose, therefore, a reasonable person/mind may draw on circumstantial evidence to determine whether or not a conspiracy did exist.

319.    A conspiracy may be established by interference from the nature of the acts complained

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 91 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

of; the individual and collective interests of the alleged conspirators, the situation and relation of the parties at the time of the commission of the acts, the motives that produced them, and all of the surrounding circumstances preceding and attending the culmination of the common plan or design. (Am. Jur. Pleading and Practice Forms, Conspiracy § 8).

320.   The Defendants, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiffs Arogant Hollywood and Alison Helen Fairchild as described in this civil rights complaint.

32`.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

322.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants combined to engage in a scheme which was intended to violate the right of Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

323.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants combined to engage in a scheme which was intended to violate the rights of the public-at-large.

324.   The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in conspiracy(ies) to deter, intimidate, and threaten Plaintiffs Arogant Hollywood and Alison Helen Fairchild from engaging in protected activities (ie., making and enforcing contracts, making charges/filing lawsuits, telling Defendants' employees that they would sue Storquest

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 92 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Rancho Cucamonga in federal district court . Testifying, assisting or participating in enforcement proceedings) and performing duties owed as a citizen to report matters of public policy and/or public interest; and (c) engaged in conspiracy(ies) which resulted in injury/harm to Plaintiffs Arogant Hollywood and Alison Helen Fairchild. *Malley-Duff & Assoc. v. Crown Life Ins. Co., 792 F.2D 341 (3rd Cir. 1986)* judgment affirmed *483 U.S. 143 (1987); Chahal v. Paine Webber, 725 F.2d 20 (2nd Cir 1984)*.

325.    The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in conspiracy(ies) to illegally dispose of Plaintiffs' two self-storage units, Units # 327 and # 342. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

326.    The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiffs Arogant Hollywood and Alison Hele Fairchild; (b) engaged in conspiracy(ies) to illegally dispose of Plaintiffs' two self-storage unit while Plaintiffs were not in default of their self-storage unit's rent. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

327.    The facts, evidence and legal conclusions set forth in this civil rights complaint supports that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in conspiracy(ies) to use the assistance of city of Rancho Cucamonga police department peace officers to physically remove Plaintiffs from 11998 Arrow Route, Rancho Cucamonga, CA so that Plaintiffs could not have access to, Units # 327 and # 342. This conspiracy was created to

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 93 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

1   harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

2

3   328.    The facts, evidence and legal conclusions set forth in this civil rights complaint supports

4   that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled

5   against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in

6   conspiracy(ies) to block Plaintiffs from paying rent at Storquest Rancho Cucamonga self-storage

7   facility. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and

8   Alison Helen Fairchild.

9

10  329.    The facts, evidence and legal conclusions set forth in this civil rights complaint supports

11  that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled

12  against Plaintiff Arogant Hollywood; (b) engaged in conspiracy(ies) by conspiring to contact the

13  city of Rancho Cucamonga police department. Defendants interfered with Plaintiff Hollywood

14  and Plaintiff Fairchild's constitutional 14th amendment real property rights. This conspiracy was

15  created to harm and injure Plaintiffs.

16

17  330.    The facts, evidence and legal conclusions set forth in this civil rights complaint supports

18  that Defendants (which consist of two or more persons): (a) engaged in conspiracy(ies) leveled

19  against Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (b) engaged in

20  conspiracy(ies) to terminate the lease of Plaintiffs, revoke their gate access code and demand

21  that they both vacate their two 11998 Arrow Route, Rancho Cucamonga, CA, Storquest Rancho

22  Cucamonga self-storage units.

23

24  331.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that two of more

25  of Defendants' employees and their attorneys engaged in a meeting of minds and conspired to

26  illegally sale and/or dispose of Plaintiffs' two self-storage unit, Units # 327 and 342 at an

27  illegally scheduled public auction. This conspiracy was created to harm and injure Plaintiffs

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 94 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Arogant Hollywood and Alison Helen Fairchild.

332.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that two or more of Defendants' employees engaged in a meeting of minds and conspired to illegally overlock Plaintiffs' two self-storage unit, Units # 327 and 342 while Plaintiffs were not in default of their self-storage units' rent. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

333.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that two of more of Defendants' employees engaged in a meeting of minds and conspired to use the assistance of city of Rancho Cucamonga police department peace officers to physically remove both Plaintiffs from 11998 Arrow Route, Rancho Cucamonga, CA so that Plaintiffs could not have access to their self-storage unit. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

334.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that two of more of Defendants' employees engaged in a meeting of minds and conspired to block Plaintiffs from paying rent at Storquest Rancho Cucamonga self-storage facility. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

335.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that two of more of Defendants' employees engaged in a meeting of minds and conspired to terminate the lease of Plaintiffs, revoke their gate access code and demand that they both vacate their 11998 Arrow Route, Rancho Cucamonga, Storquest Rancho Cucamonga self-storage units. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

336.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that two of more

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 95 of 157      Arogant Hollywood, et al v. Storquest Inc., et al

of Defendants' employees engaged in a meeting of minds and conspired to illegally sale and/or otherwise dispose of Plaintiffs' two self-storage units, Units # 327 and # 342. This conspiracy was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

337.   Although it is true that a corporation cannot conspire with itself, a conspiracy may be established where individual defendants are named and those defendants acted outside the scope of their employment for personal reasons. *Swann v. City of Dallas, 922 F.Supp. 1184 (N.D. Texas 1996) (citing Garza v. City of Omaha, 814 F.2d 553, 556 (8th Cir. 1987)), aff'd, 131 F.3d 140 (5th Cir. 1997)*.

338.   The facts, evidence and legal conclusion contained in this instant civil rights complaint will support that Defendants' employees Tyrone Grace and Alexis Licea acted both within and outside the scope of their employment for personal reasons and bias towards Plaintiffs Arogant Hollywood and Alison Helen Fairchild. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants' engagement in systematic racial bias, discriminatory and retaliatory practices against Plaintiff Arogant Hollywood because of his race (African-American/black), against Plaintiff Alison Helen Fairchild because of her disability, knowledge of their engagement in protected activities, and systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's engagement in protected activities (i.e., discrimination for making charges/filing lawsuits, testifying, assisting, or participating in litigation/proceedings), thereby conspiring to deprive Plaintiffs Arogant Hollywood and Alison Helen Fairchild rights secured and guaranteed under the Constitution and other laws of the United States.

339.   Defendants' employees acted outside of the scope of their employment for personal reasons when they conspired to illegally overlock Plaintiffs' self-storage unit.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 96 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

340.   In doing the acts alleged, Defendants' employees and agents also acted in their official capacities regarding Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility, by conspiring to use force to remove both Plaintiffs.

341.   For these reasons, the Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 are liable for violation of 42 U.S.C. § 1985.

342.   Defendants' employees' actions, conduct and behavior was demonstrated to be part of a class-based invidiously discriminatory animus when their assistant property manager of Storquest Rancho Cucamonga, Rancho Cucamonga, CA, conspired to instruct and request that city of Rancho Cucamonga police department trespass a disabled woman, and the actions of this employee preceded Defendants' refusal to contract with Plaintiff Fairchild, and the disability discriminatory conduct preceded Defendants' termination of Plaintiff Fairchild's contractual relationship with Defendants' public accommodation 11998 Arrow Route, Storquest Rancho Cucamonga self-storage facility.

343.   Each Defendant conspirator is jointly and severally liable for all damages resulting from the conspiracy, and where that conspiracy is proven, any act done by any one of the two or more persons so conspiring, in furtherance of the common design and in accordance with the general plan, becomes the act of all, and each conspirator is responsible for such act. It is not necessary, to establish the liability of a participant in an unlawful conspiracy, to show that such person was a party to its contrivance at its inception. In other words, a conspiracy may start with a few participants and then add others as it progresses. If so, the conspirator who becomes a part of the conspiracy at or near the end is just as responsible for the damage that results as the one who was in it at the beginning. The actual time when any of them might have come into understanding makes no difference. Therefore, when it is shown that the individual who came in

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 97 of 157        *Arrogant Hollywood, et al v. Storquest Inc., et al*

at a later date knew of the unlawful design and willfully aided in its execution, such individual is chargeable with the consequences that flowed from the unlawful design.

344.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the tenth cause of action of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**ELEVENTH CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1986 (NEGLECT TO PREVENT DEPRIVATION OF RIGHTS) ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., STORQUEST RANCHO CUCAMONGA & DOES 1-10**

345.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-344.

346.   At all relevant times, Defendants' Caucasian and Anglo district managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA, Storquest Rancho Cucamonga self-storage premises permanently.

347.   This federal claim for relief is brought against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 98 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

pursuant to its intentional and willful violations of Plaintiffs' civil rights under 42 USC § 1986.

348.    Plaintiffs Alison Helen Fairchild and Arogant Hollywood hereby allege that 42 U.S.C. § 1986 creates a claim for relief for the failure to prevent a conspiracy within the meaning of 42 U.S.C. § 1985:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in [42 U.S.C. § 1985], are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses to do so, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by
>
> reasonable diligence could have prevented.

349.    An essential element of a claim under 42 U.S.C. § 1986 is the existence of a § 1985(3) claim. *Williams v. St. Joseph Hospital, 629 F.2d 448, 451-452 (7th Cir. 1980).*

350.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that Defendants did, in violation of 42 U.S.C. § 1986, with knowledge of the wrongs conspired to be done at the request and instruction of one or more of the Defendants, were about to be committed, and having power to prevent or aid in preventing the commission of same, neglected or refused to do so, to wit: neglecting or refusing to prevent, with knowledge of a conspiracy to deprive, either directly or indirectly, Plaintiffs Arogant Hollywood as a member of the African-American/black protected class of people, and Alison Helen Fairchild as a member of the disabled/handicapped protected class of people, the equal protection of the laws, and of the equal privileges and immunities under the laws.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 99 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

351.   Defendants, and several of their employees of Storquest Rancho Cucamonga, Rancho Cucamonga, CA  self-storage facility and their headquarters in Santa Monica, California conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by refusing to contract with Plaintiffs Hollywood and Alison Helen Fairchild, by conspiring to forcefully remove Plaintiffs from their self-storage units' premises, by refusing to accept rental payments of Plaintiffs' self-storage units, and by intentionally moving forward with false and fraudulent illegal auction proceedings that were created to dispose of Plaintiffs' two self-storage units.

352.   Defendants, and several of their employees of 11998 Arrow Route Storquest self-storage facility and their headquarters conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by conspiring and planning to illegally sell Plaintiffs' personal property.

353.   Defendants, and several of their employees of 11998 Arrow Route, Rancho Cucamonga CA, Storquest Rancho Cucamonga self-storage facility and their headquarters in Santa Monica, California conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by having knowledge of a frivolous planned public auction and false lien, yet deliberately failed to protect Arogant Hollywood and Alison Helen Fairchild.

354.   Defendants, and several of their employees of 11998 Arrow Route, Rancho Cucamonga CA, Storquest Rancho Cucamonga self-storage facility and their headquarters conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by having knowledge of lease termination, yet failing to reinstate Plaintiffs' 11998 Arrow Route, Rancho Cucamonga CA, Storquest Rancho Cucamonga self-storage facility rental agreement.

355.   Defendants, and several of their employees of 11998 Arrow Route, Rancho Cucamonga

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 100 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

CA, Storquest Rancho Cucamonga self-storage facility and their headquarters in Santa Monica, CA conspired to violate Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights by having knowledge of illegal public auction of Plaintiffs' two self-storage unit, Units # 327 and # 342, at an illegally scheduled public auction, yet deliberately failed to stop their employees' actions. Defendants failed to protect Plaintiffs from a conspiracy that was created to harm and injure Plaintiffs Arogant Hollywood and Alison Helen Fairchild, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

356.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild allege that Defendants, and each of them, had knowledge of the § 1985 conspiracy(ies), the power to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild, and neglected or refused to protect Plaintiffs, and because of this Defendants, and each of them, are liable under § 1986. Further, at least one or more Defendants were bystanders who many not themselves have been conspirators under § 1985 yet remain liable under § 1986. After all, those with knowledge of the underlying conspiracy puts them in the optimal position to prevent it. A negligent failure to protect by an actor with knowledge of a § 1985 conspiracy and power to protect its victims is actionable. **See** *Clark v. Clabaugh, 20 F.3d 1290, 1298 (3d Cir. 1994) (finding that negligence is sufficient to maintain § 1986).*

357.     Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that at least one or more of the Defendants could have stopped the conspiracy he or she was part of to violate Plaintiffs' civil rights on at least one, if not more, occasion. Plaintiffs Arogant Hollywood and Alison Helen Fairchild aver that the facts, evidence and legal conclusions alleged in this civil rights complaint demonstrate that at least one or more Defendants had actual knowledge of the § 1985 conspiracy, that at least one or more of Defendants had the power to prevent or aid in preventing the commission of the § 1985 violations, that at least one or more of Defendants

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 101 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

neglected or refused to prevent the § 1985 conspiracy, and that one or more wrongful act(s) was committed by the conspirators.

358.    For these reasons, each Defendants are liable under 42 U.S.C. § 1986 for all damages that he or she could have prevented with reasonable diligence. *Clark v. Clabaugh, 20 F.3d at 1298.*

359.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga and DOES 1-10 on the eleventh claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**TWELFTH CLAIM FOR RELIEF---CIVIL CONSPIRACY-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

360.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-359.

361.    At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises permanently.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 102 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

362.   The elements of a civil conspiracy in the state of California are (1) the formation and operation of the conspiracy; (2) the wrongful act or acts done pursuant thereto, and (3) the damage resulting. See *Mosier v. Southern California Physicians Insurance Exchange (1998) 63 Cal.App.4th1022, 1048 [74 Cal.Rptr.2d 550]*

363.   "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor or regardless of the degree of his activity. See *Applied Equipment Corp., supra, 7 Cal. 4th at p. 511.*

364.   "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act. The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp. (1995) 40 Cal. App. 4th 1571, 1582 [47 Cal. Rptr. 2d 752].*

365.   A civil conspiracy is a combination of two or more persons to accomplish by concerted action a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means. See *Parkinson Co. v. Building Trades Council (1908) 154 Cal. 581, 593, 98 P. 1027; Peskin v. Squires (1957) 156 Cal. App. 2d 240, 246, 319 P.2d 405]*

366.   It is a legal commonplace that the existence of a conspiracy may be inferred from circumstances, and that the conspiracy need not be the result of an express agreement but may rest upon tacit assent and acquiescence. See *Holder v. Home Savings & Loam Assn. of Los Angeles (1968) 267 Cal. App. 2d 91, 108 [72 Cal. Rptr. 704], Wyatt v. Union Mortgage Co. (1979) 24 Cal. 3d 773, 785, 786, 157 Cal. Rptr. 392, 598 P.2d 45.*

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 103 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

367.    A person who joins a conspiracy after its inception is liable for acts of the conspiracy committed prior to the time of joining. See *De Vries v. Brumback (1960) 53 Cal. 2d 643, 2 Cal. Rptr. 764, 349 P.2d 532.*

368.    Liability under a conspiracy theory exists when there has been formed and operated a conspiracy to accomplish a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means which results in actual damage. See *Clark v. Leshner (1951) 106 Cal. App. 2d 403, 409 235 P.2d 71.\*

369.    Defendants' employees Edwin Murga, Alexis Licea, Tyrone Grace and all other DOES entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiffs Arogant  Hollywood and Alison Helen Fairchild's civil rights under federal law.

370.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Edwin Murga, Alexis Licea, Tyrone Grace conspired to overlock Plaintiffs' two self-storage units, Units # 327 and # 342, on or about June 29, 2019 even though Plaintiffs were not in default of their rent, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

371.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Edwin Murga, Alexis Licea and DOES 1-10 conspired to list and advertise Plaintiffs' two self-storage units, Units # 327 and # 342 without sending Plaintiffs a notice of preliminary lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

372.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Alexis

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq, et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 104 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Licea and Edwin Murga conspired to have Plaintiffs' trespassed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility by city of Rancho Cucamonga police department peace officers in late June 2019 and early July 2019.

373.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Edwin Murga and Alexis Licea conspired to initiate frivolous state court workplace violence restraining order proceedings against Plaintiff Arogant Hollywood.

374.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Alexis Licea, Edwin Murga and DOES 1-10 and conspired and planned to illegally and unconstitutional dispose of Plaintiffs' two self-storage units, Units # 327 and # 342.

375.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Edwin Murga, Alexis Licea and DOES 1-10 conspired to block and/or revoked the gate code access of Plaintiffs, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

376.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Edwin Murga, Alexis Licea and DOES 1-10 conspired and planned to terminate the rental agreement of Plaintiffs' and demand that they vacate their two self-storage units, Units # 327 and # 342.

377.    In furtherance of the conspiracy, Defendants' Caucasian and Anglo employees Edwin Murga, Alexis Licea and DOES 1-10 conspired and planned to initiate unconstitutional state court eviction proceedings.

378.    Defendants' cold and heartless 11998 Arrow Route property manager Alexis Licea did not care about a disabled woman named Alison Helen Fairchild. Defendant Licea demonstrated

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 105 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

invidiously discriminatory animus towards Plaintiff Fairchild by trespassing Plaintiff Fairchild. These actions were a violation of Plaintiff Fairchild's constitutional civil rights based on Plaintiff Fairchild's disability. These actions were in direct violation of Plaintiff's civil rights. As similarly situated Storquest Rancho Cucamonga tenants/customers were treated differently, and on more than one occasion Defendants' employee/agent conspired to injure Plaintiff Fairchild and deny her advantages, privileges and accommodations to occupy her self-storage units, Units # 327 and # 342, located at 11998 Arrow Route, Rancho Cucamonga , CA, 91763.

379.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants employees Edwin Murga, Alexis Licea, Tyrone Grace and DOES 1-10 and other unnamed employees, combined and conspired wrongfully to discriminate against Plaintiffs for the purpose of injuring Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

380.   As a direct and proximate result of Defendants' tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have suffered actual damages and is entitled to the relief sough herein.

381.   As a direct and proximate result of Defendants' conduct, Plaintiffs Arogant Hollywood and Alison Helen Fairchild might be required to obtain mental health treatment in an amount to be determined by proof at trial and will, in the future, be compelled to incur additional obligations for mental health treatment in an amount to be determined by proof at trial.

382.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild avers Defendants are liable to Plaintiffs for actual and punitive damages given their civil conspiracy.

383.   Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 106 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1  employers of the conspiring Defendants Alexis Licea, Edwin Murga, Tyrone Grace and those

2  JANE DOE and/or JOHN DOE Defendants involved is or are liable to Plaintiffs Arogant

3  Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees',

4  and possibly others', infliction of damages upon Plaintiffs Arogant Hollywood and Alison Helen

5  Fairchild as aforesaid.

7  384.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands

8  judgment against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC,

9  Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga, Alexis Licea, Tyrone Grace and

10  DOES 1-10 on the twelfth claim for relief of the Plaintiffs' civil rights complaint in the amount

11  that will justly compensate both Plaintiffs for their damages, together with costs and attorneys'

12  fees in this action.

14  **THIRTEENTH CLAIM FOR RELIEF---NEGLIGENCE-- ALLEGED BY PLAINTIFFS**

15  **AROGANT HOLLYWOOD AND ALISON HELEN FAIRCHILD AS AGAINST**

16  **DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST,**

17  **BTC-STORQUEST, LLC, STORQUEST INC., TYRONE GRACE, STORQUEST**

18  **RANCHO CUCAMONGA & DOES 1-10**

20  385.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by

21  reference paragraphs 1-384.

23  386.   At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors

24  and employees were employed by and were fully involved with the interest of having Arogant

25  Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998

26  Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises

27  permanently.

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 107 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

387.    In choosing to operate and own a California self-service self-storage facility open to the public, Defendants undertook the duty to exercise reasonable care to operate and maintain the safety of the public who rented out their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage units.

388.    A cause of action for negligence requires Plaintiffs Arogant Hollywood and Alison Helen Fairchild establish (1) the Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Tyrone Grace, Storquest Rancho Cucamonga, Alexis Licea, Tyrone Grace and DOES 1-10 owed a duty of care to Plaintiffs Arogant Hollywood and Alison Helen Fairchild; (2) at least one or more of Defendants' breached that duty by a negligent act or omission; and (3) the Defendants' breach was the actual and proximate cause of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's injury (ies); and (4) Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered an injury or damages resulting from Defendants' breach.

389.    Negligence is governed by California Civil Code § 1714. The presumption of negligence based on violation of statute is governed by California Evidence Code § 669. Comparative negligence is governed by *Li v. Yellow Cab Co. (1975) 13 Cal. 3d 804, 119 Cal. Rptr. 858, 532 P.2d 1226.* Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 858, 532 P.2d 1226.* Assumption of the risk is governed by *Knight v. Jewett (1992) 3 Cal. 4th 296, 11 Cal. Rptr. 2d 2, 834 P.2d 696.*

390.    The cause of action for negligence requires that the defendant breached a duty of care owed to the plaintiff or to a class of persons of which the plaintiff is a member. This is an indispensable prerequisite to the imposition of liability based on negligence See *Richards v. Stanley (1954) 43 Cal. 2d 60, 63, 271 P.2d 23; Valdez v. J.D. Diffenbaugh Co. (1975) 51 Cal. App. 3d 494, 505, 124 Cal. Rptr. 467].* The requirement of duty is an obligation, recognized by

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
–Page 108 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. See *[Prosser and Keeton on the Law of Torts (5th ed. 1984) ch. 5, § 30, p. 164, Hilvar v. Union Ice Co. (1955) 45 Cal. 2d 30, 36-37, 286 P.2d 21; Peter W. v. San Francisco Unified Sch. Dist. (1976) 60 Cal. App. 3d 814, 822, 131 Cal. Rptr. 854].*

391.    Negligence is a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm. See *Donnelly v. Southern Pacific Co. (1941) 18 Cal. 2d 832, 129 P2d 353, 1942 Cal LEXIS 432.*

392.    Defendants executed negligence by their deliberate, willful and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

393.    The elements necessary to establish a presumption of negligence arises from statutory violations are pursuant to California Evidence Code § 669 (a);

- The person violated a statute, ordinance, or regulation of a public entity;
- The violation directly and legally (proximately) caused death or injury to person or property;
- The death or injury resulted from an occurrence of the nature that the statute, ordinance, or
  regulation was designed to prevent; and
- The person suffering the death or injury to his or her person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

394.    Defendants violated many state laws when they overlocked Plaintiffs' self-storage units, Units # 327 and # 342.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 109 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

395.   Defendants violated many state laws when they revoked Plaintiffs' gate access code while Plaintiffs were not in default of the self-storage rental units.

396.   Defendants violated many state laws when they planned and conspired to illegally list Plaintiffs' self-storage units, Units # 327 and # 342 to advertise that Plaintiffs' personal property was for sale.

397.   Defendants violated many state laws when their employees refused to accept commercial self-storage rental payments from Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

398.   Defendants violated many state laws when their Caucasian and Anglo employee Alexis Licea treated Plaintiff Arogant Hollywood differently than other 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga white guests/tenants, and Plaintiff Alison Helen Fairchild different than other non-handicapped 11998 Arrow Route guests/tenants depriving both Plaintiffs of their constitutional rights, in violation of state and federal civil rights statutes. After their managers called city of Rancho Cucamonga police department Plaintiffs and requested that law enforcement trespass and remove Plaintiffs from their self-storage units' premises.

399.   Because of the actions of Defendants, an occurrence of an injury occurred to Plaintiffs Arogant Hollywood and Alison Helen Fairchild from May 31, 2019, until this present day, suffered intense emotional and mental distress while being wrongfully discriminated against and mistreated by said Defendants at their commercial real estate self-storage facility located at 11998 Arrow Route, Rancho Cucamonga, CA 91739.

400.   In negligence actions, the doctrine of res ipsa loguitur applies if the occurrence of an injury is of such a nature that it can be said, in light of past experience, that it probably was the

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 110 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

result by someone and that the defendant probably is the person responsible. See *Gannon v. Elliot (1993) 19 Cal. App. 4th 1, 6, 23 Cal. Rptr. 2d 861*. In determining whether these probabilities exist with respect to a particular occurrence, the courts have relied on both expert testimony and common knowledge.

401.    Doctrines establishes defendant's negligence as matter of law if defendant fails to produce evidence sufficient to support a finding that he or she was not negligent or that any negligence on his or her part was not a proximate cause of the occurrence, the trier of fact may still find the defendant liable based on the facts that gave rise to the rise to the res ipsa presumption as well as the other evidence in the case. See California Evidence Code §§ 604, 646(c)

402.    A trespasser is a person who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's consent or otherwise. A licensee is a person who is privileged to enter or remain upon land by virtue of the possessor's consent, whether given by invitation or permission. A gratuitous licensee other than a business visitor. A business visitor is a person who is invited or permitted to enter or remain on land in the possession of another for a purpose directly or indirectly connected with business dealings between them. For all purposes of every single allegation mentioned throughout this civil rights complaint. Plaintiffs Arogant Hollywood and Alison Helen Fairchild were gratuitous licensees of Defendants' Storquest Rancho Cucamonga self-storage facility located at: 11998 Arrow Route, Units # 327 and # 342, Rancho Cucamonga, CA, 91739, and at all relevant times of Defendants' negligence mentioned and stated herein. See Restatement of the Law, Torts, § 329, *et seq.; Osttinger v. Stewart, 24 Cal. 2d 133, 136, 148 P.2d 19, 156 A.L.R. 1221.*

403.    Just as an employee can act to cause another's injury in a tortious manner, so can an employer be independently liable in tort.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 111 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

404.   At all times as alleged herein Edwin Murga, Alexis Licea, Tyrone Grace and JANE & JOHN DOES were acting both individually and within the course and scope of their employment with Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10

405.   Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 are liable in actual and punitive damages to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for its employees', agents' and representatives' negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid.

406.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby alleges that Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, Storquest Rancho Cucamonga and DOES 1-10 were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach their duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

      a. Failing to exercise due care under the circumstances;

      b. Failing to sufficiently monitor Plaintiffs' interaction with 11998 Arrow Route and Santa Monica employees, managers and executives;

      c. Failing to properly train 11998 Arrow Route staff to ensure the safety of Plaintiffs Arogant Hollywood and Alison Helen Fairchild;

      d. Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga employees, and all other JOHN DOE and/or JANE DOE defendants;

      e. Intentionally banning and trespassing Plaintiffs Arogant Hollywood and Alison Helen Fairchild from 11998 Arrow Route, Rancho Cucamonga, CA Storquest

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 112 of 157     *Arogant Hollywood, et al v. Storquest Inc., et al*

Rancho Cucamonga, for no cause of wrongdoing on the either Plaintiff;

    f.  Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants' no cause of wrongdoing on the either Plaintiff;

    g.  By overlocking Plaintiffs' self-storage units, Units # 327 and # 342;

    h.  Refusing to accept self-storage rental payments from both Arogant Hollywood and Alison Helen Fairchild;

    i.  Any other particulars which may be shown at trial.

407.   As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen Fairchild sustained injuries and damages including, without limitation, embarrassment, loss of their real property, loss of their personal property, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees.

408.   Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, Tyrone Grace, Alexis Licea and DOES 1-10 are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

409.   Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 and all JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 113 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

410.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, Tyrone Grace, Alexis Licea and DOES 1-10 on the thirteenth claim for relief of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**FOURTEENTH CLAIM FOR RELIEF---NEGLIGENCE SUPERVISION and/or RETENTION-- ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS  STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., STORQUEST RANCHO CUCAMONGA & DOES 1-10**

411.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-410.

412.   At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises permanently.

413.   In choosing to operate a commercial real estate self-service self-storage facility open to the public, Defendants undertook the duty to exercise reasonable care to operate and maintain the safety of the public who rented and leased self-storage units at Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 114 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

414.   In choosing to operate a commercial real estate self-service self-storage facility open to the public, Defendants undertook the duty to reasonable care in hiring, retaining and supervising its employees, agents or representatives of 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility.

415.   California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. See *Doe v. Capital Cities (1996) 50 Cal. App.4th 1038, 1054 [58 Cal. Rptr. 2d 122]*.

416.   Liability for negligent hiring and supervision is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. The tort has developed in California in factual settings where the plaintiff's injury occurred in the workplace, or the contact between the plaintiff and the employee was generated by the employment relationship. See *Mendoza v. City of Los Angeles (1998) 66 Cal. App. 4th 1333, 1339-1340 [78 Cal. Rptr. 2d 525]*.

417.   If an employee acts under the direction of his or her employer, the employer participates in the act, and the employer's liability is based on the employer's own fault, rather than on respondeat superior or vicarious liability. See *Jensen v. Southern Pac. Co. (1954) 129 Cal. App. 2d 67, 70, 276 P.2d 703*.

418.   Greater damages against employer than against the supervisory employees could be made when evidence supports a finding that the employer participated in the discriminatory conduct through the ratification of its employee's conduct. See *Roberts v. Ford Areospace & Commc'ns Corp. (1990) 224 Ca. App. 3d 793, 800-802*.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 115 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

419.   Where an employer ratifies his or her employee's negligent or intentional tort, the employer is subject to direct liability. By ratifying the employee's tortious conduct, the employer makes the conduct his or her own. See *Jameson v. Gavett (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937*.

420.   The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment. Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

421.   Each Defendant in this civil rights action had the authority to supervise, prohibit, control, and/or regulate the other Defendants to prevent these acts and omissions from occurring.

422.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breach its duty with respect to Plaintiffs Arogant Hollywood and Alison Helen Fairchild by:

　　　　a.  Failing to exercise due care under the circumstances;

　　　　b.  Failing to sufficiently monitor Plaintiffs' interaction with 11998 Arrow Route, and Santa Monica employees, managers and executives;

　　　　c.  Failing to properly train 11998 Arrow Routh, and Santa Monica headquarters staff to ensure the safety of Plaintiffs Arogant Hollywood and Alison Helen Fairchild;

　　　　d.  Failing to institute and/or enforce adequate policy and procedure to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild from abuse by 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 116 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

employees, and all other JOHN DOE and/or JANE DOE defendants;

e. Intentionally banning and trespassing Plaintiffs Arogant Hollywood and Alison Helen Fairchild from 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga, for no cause of wrongdoing on the either Plaintiff;

f. Condoning all wrongful acts alleged throughout this complaint done by employees of Defendants' no cause of wrongdoing on the either Plaintiff;

g. By overlocking Plaintiffs' self-storage units, Units # 327 and # 342;

h. Refusing to accept self-storage rental payments from both Arogant Hollywood and Alison Helen Fairchild;

i. Any other particulars which may be shown at trial.

423.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby alleges that Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 knew or reasonably should have known that unless they intervened to protect Plaintiffs Hollywood and Plaintiff Fairchild, and properly supervise, prohibit, control and/or regulate the conduct of the other Defendants and employees (especially Tyrone Grace and Alexis Licea), those Defendants would perceive their acts and omissions as being ratified and condoned.

424.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants failed to exercise due care by failing to supervise, prohibit, control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

425.   As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiffs Arogant Hollywood and Alison Helen

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
−Page 117 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Fairchild suffered and continued to suffer injuries and damages including, without limitations, embarrassment, humiliation, potential loss of their real property, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees, all in the amount to be determined at trial.

426.   Defendants failed to exercise due care by failing to supervise, prohibit control, or regulate the remaining Defendants and/or by failing to protect Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

427.   Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

428.   Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

429.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 on the fourteenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 118 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

**FIFTEENTH CLAIM FOR RELIEF--- GROSS NEGLIGENCE AS ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

430.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-429.

431.    At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises permanently.

432.    Gross negligence long has been defined in California and other jurisdictions as either a want of even scant care or an extreme departure from the ordinary standard of conduct. See *City of Santa Barbara, supra,* 41 Cal.4[th] at page 754.

433.    Gross negligence is pleaded by alleging the traditional elements of negligence: duty, breach, causation, and damages. However, to set forth a claim for gross negligence the plaintiff must allege extreme conduct on the part of the defendant. See *Rosencrans v. Dover Images, Ltd. (2011) 192 Cal.App.4[th] 1072, 1082 [122 Cal.Rprt.3d 22].*

434.    The theory that there are degrees of negligence has been generally criticized by legal writers, but a distinction has been made in this state between ordinary and gross negligence.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 119 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Gross negligence has been said to mean the want of even scant care or an extreme departure from the ordinary standard of conduct. See *Van Meter v. Bent Constr. Co. (1956) 46 Cal.2d 588, 6=594 [297 P.2d 644]; Donnelly v. Southern Pac. Co, 18 Cal.2d 863, 871 [118 P.2d 4651]*.

435.    Prosser on Torts (1941) page 260, also cited by the *Van Meter* court for its definition of gross negligence, reads as follows. Gross Negligence. This is very great negligence, or the want of even scant care. It has been described as a failure to exercise even that care which a careless person would use. Many courts, dissatisfied with a term so devoid of all real content, have interpreted it as requiring willful misconduct, or recklessness, or such utter lack of all care as will be evidence of either—sometimes on the ground that this must have been the purpose of the legislature. But most courts have considered that gross negligence falls short of reckless disregard of consequences, and differs from ordinary negligence only in degree, and not in kind. *So far as it has any accepted meaning, it is merely an extreme departure from the ordinary standard of care*. See *Decker v. City of Imperial Beach (1989) 209 Cal.App.3d at page 358*.

436.    Defendants were grossly negligent by their employees planning and conspiring to forcefully remove both Plaintiffs from their self-storage premises located at 11998 Arrow Route, Rancho Cucamonga, CA, Units # 327 and # 342.

437.    Defendants were grossly negligent by their employees Alexis Licea and Edwin Murga conspiring and planning to initiate frivolous and perjurious workplace violence state court proceedings against Plaintiff Hollywood, with the goal of interfering with Plaintiff Hollywood's said 14th Amendment property rights.

438.    Defendants were grossly negligent by refusing to do business with Arogant Hollywood and Alison Helen Fairchild.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 120 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

439. Defendants were grossly negligent by terminating the contractual relationship between Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility, and Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

440. Defendants were grossly negligent by refusing to accept rental payments from Plaintiffs that were allowed under California law.

441. Defendants were grossly negligent by their employees conspiring, and then actually planning to employ the help and assistance of the city of Rancho Cucamonga police department to forcefully remove and trespass both Plaintiffs' from 11998 Arrow Route, Rancho Cucamonga, CA, 91739.

442. Defendants were grossly negligent by their employees converting Plaintiffs' two self-storage units, Units # 327 and # 342.

443. Defendants were grossly negligent by their employees overlocking Plaintiffs' two self-storage units, Units # 327 and # 342, even though Plaintiffs were not in default of their rent, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

444. Defendants were grossly negligent by their employees deactivating Plaintiffs' gate code access, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

445. Defendants were grossly negligent by their employees planning and conspiring to list Plaintiffs' two self-storage units, Spaces # 327 and # 342.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 121 of 157     *Arogant Hollywood, et al v. Storquest Inc., et al*

446.    Defendants were grossly negligent by their employees conspiring and planning to dispose of Plaintiffs' two self-storage units, Units # 327 and # 342 at an illegally held public auction.

447.    Defendants were grossly negligent by their employees conspiring with the city of Rancho Cucamonga police department to violate the constitutional civil rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

448.    Defendants were grossly negligent by their employees conspiring to initiate false, fraudulent, frivolous and groundless state court workplace violence proceedings against Plaintiff Arogant Hollywood.

449.    Defendants were grossly negligent by their actions, and the actions of the employees causing intentional infliction of emotional distress upon a disabled and physically fragile Alison Helen Fairchild.

450.    Defendants were grossly negligent by their actions, and the actions of the employees causing intentional infliction of emotional distress upon a forty-year-old black man named Arogant Hollywood who had engaged in absolutely no wrongdoing at 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility between May 31, 2019 and early July 2019.

451.    Defendants were grossly negligent by acting under the color of state law.

452.    Defendants were grossly negligent by their employee Alexis Licea kicking out a disabled Alison Helen Fairchild.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 122 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

453.     Defendants were grossly negligent by their employee Alexis Licea stating that she would have law enforcement remove and arrest Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

454.     Defendants were grossly negligent by their employees conspiring to instruct city of Rancho Cucamonga police department peace officers to remove and trespass Plaintiffs Arogant Hollywood and Alison Helen Fairchild.

455.     Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, Tyrone Grace, Alexis Licea, and DOES 1-10 are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

456.     Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and those JOHN DOE and/or JANE DOE Defendants involved is or are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiffs as aforesaid.

457.     **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, Alexis Licea, Tyrone Grace and DOES 1-10 on the fifteenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 123 of 157          *Arogant Hollywood, et al v. Storquest Inc., et al*

**SIXTEENTH CLAIM FOR RELIEF---NEGLIGENT INTENTIONAL INFLICTION OF EMOTION DISTRESS ALLEGED BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

458.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-457.

459.    At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises permanently.

460.    The California Supreme Court has allowed plaintiffs to bring negligent infliction of emotion distress actions as "direct victims" in only three types of factual situations: (1) the negligent mishandling of corpses *(Christensen v. Superior Court (1991) 54 Cal. 3d 868, 879 [2 Cal. Rptr. 2d 79, 820 P.2d 181]*, (2) negligent misdiagnosis of a disease that could potentially harm another (*Molien v. Kaiser Foundation Hospitals (1980) 27 Cal.3d 916, 923 [167 Cal. Rptr. 831, 616 P.2d 813]*; and (3) the negligent breach of a duty arising out of a preexisting relationship.

461.    The landlord-tenant relationship between Defendants, and Plaintiffs Arogant Hollywood and Alison Helen Fairchild qualifies this action to fall under the third type of factual situation that states a cause of action for negligent intentional infliction of emotional distress.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 124 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

462.    The negligent causing of emotional distress is not an independent tort but the tort of negligence. The traditional elements of duty, breach of duty, causation, and damages apply. Whether a defendant owes a duty of care is a question of law. Its existence depends upon the foreseeability of the risk and upon a weighing of policy considerations for and against imposition of liability. See *Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc. (1989) 48 Cal. 3d 583, 588 [257 Cal. Rptr. 98, 770 P.2d 278*.

463.    Direct victim cases are cases in which the plaintiff's claim of emotional distress is not based on witnessing an injury to someone else, but rather is based upon the violation of a duty owed directly to the plaintiff. See *Wooden v. Raveling (1998) 61 Cal. App. 4th 1035, 1038 [71 Cal. Rptr 2d 891]*.

464.    Defendants were committed acts that constituted extreme and outrageous conduct, including, but not limited to, discriminating against Plaintiffs Arogant Hollywood and Alison Helen Fairchild, conspiring to wrongly evict them, conspiring and threatening to forcefully remove Plaintiffs' from their self-storage units in June 2019 and July 2019

465.    By permanently banning and trespassing Plaintiffs Arogant Hollywood and Alison Helen Fairchild from Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Public Storquest Rancho Cucamonga self-storage facility.

466.    Defendants are guilty of negligent intentional infliction of emotional distress because they refused to accept money rental payments from Plaintiffs.

467.    Defendants were committed acts that constituted extreme and outrageous conduct, including, but not limited to, discriminating against Plaintiffs Arogant Hollywood and Alison Helen Fairchild by Defendants acting under the color of state law.. By Defendants' employee

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 125 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Alexis Licea kicking out a disabled Alison Helen Fairchild. By Defendants' employees

overlocking, and conspiring to overlock Plaintiffs' two self-storage units, Units # 327 and # 342.

468.   Defendants were committed acts that constituted extreme and outrageous conduct,

including, but not limited to, discriminating against Plaintiffs Arogant Hollywood and Alison

Helen Fairchild by conspiring to and planning to list their two self-storage units, Units # 327 and

# 342 for a public auction.

469.   Defendants were committed acts that constituted extreme and outrageous conduct,

including, but not limited to, discriminating against Plaintiffs Arogant Hollywood and Alison

Helen Fairchild by planning to dispose of Plaintiffs' personal property and two self-storage

units, Units # 327 and # 342.

470.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild were both present at the time of

alleged discrimination and mistreatment of Defendants' employees.

471.   Defendants and its many 11998 Arrow Route and Santa Monica employees were the only

cause of Plaintiffs' severe emotional distress.

472.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants.

Plaintiff Arogant Hollywood suffered, and will continue to suffer humiliation, shame, despair,

embarrassment, loss of his real property, loss of his personal property, depression, insomnia, a

complete disruption of his life, anxiety, physical pain and suffering, emotional pain and

suffering, and mental pain and anguish, all to Plaintiff Hollywood's damages in an amount to be

proven at the time of trial.

473.   As a direct, foreseeable, and proximate result of said wrongful acts by Defendants.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 126 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Plaintiff Alison Helen Fairchild suffered, and will continue to suffer humiliation, shame, despair, embarrassment, potential loss of her real property, depression, anxiety, physical pain and suffering, tightness in her chest, heart palpitations, panic attacks, a complete disruption of her life, insomnia emotional pain and suffering, and mental pain and anguish, all to Plaintiff Fairchild's damages in an amount to be proven at the time of trial.

474.   As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have incurred attorney's fees in an amount to be determined, for which Plaintiffs claim a sum to be established according to proof.

475.   The conduct of Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 and its employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiffs' civil rights and done by managerial employees of Defendants. Plaintiffs are thereby entitled to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

476.   Defendants' harmful acts alleged in paragraphs 1-474. were all the only causes of Arogant Hollywood and Alison Helen Fairchild's severe emotional distress.

477.   Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 and those JOHN DOE and/or JANE DOE Defendants involved are liable to Plaintiffs Arogant Hollywood and Alison Helen Fairchild for actual and punitive damages given that Defendants and possibly others', intentional infliction of emotional distress upon Plaintiffs Arogant

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 127 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Hollywood and Alison Helen Fairchild as aforesaid.

478.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 on the sixteenth claim for relief of the Plaintiffs' complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**SEVENTEENTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**Fourteenth Amendment—Denial of Equal Protections of Laws**

**(Against Defendants Storquest Parker LLC, BTC-Storquest, Alexis**

**Licea, Tyrone Grace BTC Storquest LLC, Storquest Inc., Storquest**

**Rancho Cucamonga**

**and (DOES 1-10)**

479.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-478.

480.    At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises permanently.

481.    The United States Constitution Amendment XIV, Section 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 128 of 157    *Arogant Hollywood, et al v. Storquest Inc., et al*

citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

482.   Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to that extent the requirement of Rev Stat 1979 (42 USC 1983), giving a right of action against a person who under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

483.   Rev Stat 1979 (42 USC §`1983), giving a right of action against a person who, under color of state law, custom, usage, subject another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution, has several purposes: (1) it overrides certain kinds of state laws; (2) it provides a remedy where state law is inadequate; and (3) it provides a federal remedy where the state remedy, though adequate in there, is not available in practice.

484.   Allegations of facts constituting a deprivation under color of state authority of a right guaranteed by the Fourteenth Amendment satisfies to the extent the requirement of R.S. § 1979. See *Douglas v. Jeannette, 319 U.S. 157, 161-162 (1943).*

485.   No specific intent to deprive a person of a federal right is necessary to create liability under Rev Stat 1979 (42 USC § 1983), which gives a right of action against a person who, under color of state law, custom, or usage, subjects another to the deprivation of any rights, privileges, or immunities secured by the Federal Constitution.

486.   Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
–Page 129 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Amendment rights by denying Plaintiffs their rights to real property without due process of law.

487.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by conspiring and then planning to instruct city of Rancho Cucamonga police department peace officers to trespass and physically remove Plaintiffs from their 11998 Arrow Route, Rancho Cucamonga, Ca Storquest Rancho Cucamonga, CA self-storage units' premises.

488.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by conspiring to initiate frivolous state court workplace violence proceedings.

489.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by deactivating Plaintiffs' gate code access, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

490.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by refusing to accept self-storage rental payments, which involuntarily forced Plaintiffs into a default status.

491.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by threatening to dispose of Plaintiffs' two self-storage units, Units # 327 and # 342, without sending Plaintiffs a notice of preliminary lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service storage facilities. (2017-2018).**

492.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by conspiring, planning, and then locking Plaintiffs' out of their 11998

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 130 of 157       *Arogant Hollywood, et al v. Storquest Inc., et al*

Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage units, Units # 327 and # 342 without first obtaining permission from the California state court in Fontana, CA.

493.    Defendants violated Plaintiffs Arogant Hollywood and Alison Helen Fairchild's 14th Amendment rights by overlocking Plaintiffs' two self-storage units, Units # 327 and # 342, while Plaintiffs were not in default of their rental payment, in violation of the California self-storage act, **California Business & Professions Code § 21705, and AB-1108 Self-service storage facilities. (2017-2018).**

494.    Defendants violated Plaintiff Arogant Hollywood's 14th Amendment rights by conspiring to initiate groundless, frivolous and meritless state court workplace violence proceedings.

495.    **WHEREFORE,** Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10 on the seventeenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**EIGHTEENTH CLAIM FOR RELIEF**

**First Amendment—Freedom of Speech—Retaliation**

**(Against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga, and DOES 1-10**

496.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-495.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 131 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

497.   In addition to Defendant discriminating against Plaintiffs based upon their race and disability, respectively, Defendants also violated Plaintiffs' First Amendment rights by attempting to chill their protected speech.

498.   Defendants have deprived Plaintiffs of their right to engage in protected speech in violation of the Free Speech Clause of the First Amendment.

499.   Defendants violated Plaintiff Arogant Hollywood's first amendment rights when their employees threatened to contact law enforcement because Plaintiff Hollywood stood up for the ADA rights of his fiancée Alison Helen Fairchild.

500.   Defendants violated Plaintiff Arogant Hollywood and Alison Helen Fairchild's first amendment rights when their employees conspired to have Plaintiffs removed after Plaintiff Hollywood had complained to 11998 Arrow Route Storquest managers Tyrone Grace and Alexis Licea regarding ADA violations.

501.   As a direct and proximate result of Defendants' violation of the Free Speech Clause of the First Amendment, Plaintiffs have suffered irreparable harm, including the loss of their constitutional rights, entitling them to declaratory and nominal damages.

502.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10, on the nineteenth claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 132 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

**NINETEENTH CLAIM FOR RELIEF---NEGLIGENCE PER SE AS ALLEGED BY**
**PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST ALEXIS LICEA,**
**STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC,**
**STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA &**
**DOES 1-10**

503.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-502.

504.   As alleged herein, between May 31, 2019 until the very present-day Plaintiffs were commercial Storquest self-storage facility tenants and non-tenant owners at Defendants' Storquest Rancho Cucamonga. At that time Defendants were operating a commercial real estate self-storage facility in violation of nearly every single California civil rights statute, including Cal Civ Code §§§ 51, 52 and 54, as well as violations of California Health and Safety Codes as well as American Disabilities Act of 1990.

505.   Defendants' negligent operation of their 11998 Arrow Route Storquest Rancho Cucamonga facility, without otherwise adhering to the requirements of the law, constituted violations of state statutes and regulations that were specifically promulgated to protect the civil rights and safety of disabled individuals. Despite renovating and/or building their Storquest Rancho Cucamonga self-storage facility after 1990, Defendants have deliberately failed to correct many physical barriers throughout their 11998 Arrow Route Storquest Rancho Cucamonga self-storage facility that deny disabled individuals equal access to Defendants Storquest Rancho Cucamonga facility. Accordingly, Defendants' actions were negligent as a matter of law.

506.   The injuries suffered by Plaintiff Fairchild in this case was an occurrence of which the

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 133 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

state statutes federal statutes, and state regulations were designed to prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations are intended to protect.

507.   As a direct and proximate result of Defendants' negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

508.   As alleged herein, Defendants and were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants , in an amount according to proof.

509.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 on the nineteenth claim for relief of the Plaintiffs' first amended civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## TWENTIETH CLAIM FOR RELIEF---DECLARATORY RELIEF SOUGHT BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10

510.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-509.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 134 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

511.    An actual controversy now exists in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild are informed and believes and thereon alleges that Defendants are in violation of the laws of the United States including but not limited to, Title II of the Civil Rights Act of 1968 and Title III of the American Disabilities Act of 1990.

512.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends, and Defendants deny that Defendants are required to modify its policies, practices and procedures at all Defendants' ninety something retail store locations. Defendants deny that Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered discrimination because of Defendants' failure to modify practices, policies and procedures and/or that Plaintiffs are entitled to injunctive relief under federal law.

513.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends, and Defendants deny that Defendants are required to negotiate, rent or contact with Plaintiff Hollywood pursuant to Title II of the Civil Rights Act of 1968, and regarding Plaintiff Fairchild, Title III of the American Disabilities Act of 1990. Defendants deny that Plaintiffs Arogant Hollywood and Alison Helen Fairchild suffered discrimination because of Defendants' planned and conspired trespass, illegal overlock, deactivation of Plaintiffs' gate access code, trespass from Defendants 11998 Arrow Route Storquest Rancho Cucamonga self-storage facility, planned and conspired illegal listing of Plaintiffs' self-storage units, Units # 327 and # 342, and conspired removal and/or disposal of Plaintiffs' personal property, Defendants deny that Plaintiffs are entitled to injunctive relief under federal law.

514.    A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contends that Defendants unlawful and discriminatory business practices which Defendants' actions are in direct violation of Title II of the Civil Rights Act of 1968 and Title III

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 135 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

of the American Disabilities Act of 1990. Plaintiffs contend that Defendants deny any wrongdoing alleged within this federal civil rights complaint for damages. Plaintiffs contend that they are a part of protected class of U.S. citizens which have been injured by Defendants, and Plaintiffs allege and believe that they will continue to be injured and suffer damages by the actions of Defendants unless this Court takes action.

515.   A declaratory judgment is necessary in that Plaintiffs Arogant Hollywood and Alison Helen Fairchild contend that Defendants have discriminated against both Plaintiffs and employed unlawful tactics by planning and conspiring to dispose of Plaintiffs two self-storage units, Units # 327 and # 342.

516.   Plaintiffs contend that they both have suffered discrimination and a violation of their constitutional civil rights which give them protection from Defendants' unlawful conduct pursuant to Title II of the Civil Rights Act of 1968 and Title III American Disabilities Act of 1990. Plaintiffs Arogant Hollywood and Alison Helen Fairchild contend that Defendants deny that Defendants are required to stop banning Plaintiffs and other present and future guests and tenants at all of Defendants ninety something self-storage facilities through discriminatory, unlawful and illegal tactics, that all point to a direct violation of the constitutional civil rights of Plaintiffs Arogant Hollywood and Alison Helen Fairchild pursuant to Title II of the Civil Rights Act of 1968, and pursuant to Title III of the American Disabilities Act of 1990.

517.   Defendants deny that Plaintiffs' suffered any violation of their protected first amendment speech, and Plaintiffs' contend that Defendants violated their first amendment rights by retaliating against Plaintiffs.

518.   **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild prays for

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 136 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1  declaratory judgment and relief against Defendants Alexis Licea, Tyrone Grace, Storquest

2  Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga

3  and DOES 1-10 as set forth herein.

4

5  **TWENTY-FIRST CLAIM FOR RELIEF---CONVERSION-- ALLEGED BY**

6  **PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD AS**

7  **AGAINST DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-**

8  **STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE,**

9  **STORQUEST RANCHO CUCAMONGA & DOES 1-10**

10

11  519.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by

12  reference paragraphs 1-518.

13

14  520.   At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors

15  and employees were employed by and were fully involved with the interest of having Arogant

16  Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998

17  Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises

18  permanently.

19

20  521.   Conversion is the wrongful exercise of dominion over the property of another. The

21  elements of a conversion claims are: (1) the plaintiff's ownership or right to possession of the

22  property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and

23  (3) damages. See *Lee v. Hanley (2015) 61 Cal. 4th 1225, 1240 [191 Cal. Rptr. 3d 536, 354 P.3d*

24  *334].)*

25

26  522.   Conversion is a strict liability tort. The foundation of the action rests neither in the

27  knowledge nor the intent of the defendant. Instead, the tort consists in the breach of an absolute

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 137 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1    duty, the act of conversion itself is tortious. Therefore, questions of the defendant's good faith,

2    lack of knowledge, and motive are ordinarily immaterial. *Burlesci v. Peterson (1998) 68 Cal.*

3    *App. 4th 1062, 1066.*

4

5    523.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that Defendants

6    Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC,

7    Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 wrongfully exercised control over

8    Plaintiffs' personal property by blocking Plaintiffs' access to their self-storage units, threatening

9    to trespass them from a facility storing their personal property and by employing illegal and

10   shady public auction proceedings.

11

12   524.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild hereby allege that they owned,

13   possessed and had a right to all personal property being converted at 11998 Arrow Route,

14   Rancho Cucamonga, CA, Units # 327 and # 342.

15

16   525.   Defendants intentionally and substantially interfered with Plaintiffs' personal property

17   by conspiring to and then planning to advertise Plaintiffs' two self-storage units, Units # 327

18   and # 342.

19

20   526.   Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC

21   Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10  intentionally and

22   substantially interfered with Plaintiffs' personal property by taking possession of Plaintiffs'

23   personal property.

24

25   527.   Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC

26   Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 intentionally and

27   substantially interfered with Plaintiffs' personal property by deliberately refusing to accept

28

**Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion**
–Page 138 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1  Plaintiffs' self-storage rent so that Defendants could justify their unconstitutional actions to

2  place Plaintiffs' personal property up for public auction.

3

4  528.   Defendants prevented Plaintiffs from having access to their personal property located

5  inside of their two self-storage units,  and # 287 by overlocking Plaintiffs' self-storage units on

6  June 21, 2018, in violation of **California Business & Professions Code § 21705, and AB-1108**

7  **Self-service storage facilities. (2017-2018).**

8

9  529.   Defendants intentionally and substantially interfered with Plaintiffs' personal property

10  by planning and conspiring to illegal sell Plaintiffs' personal property located inside of their two

11  self-storage units, Units # 327 and # 342, without sending Plaintiffs' a notice of preliminary

12  lien, violating **California Business & Professions Code § 21703, and AB-1108 Self-service**

13  **storage facilities. (2017-2018).**

14

15  530.   At no time since June 2019 have Plaintiffs Arogant Hollywood and Alison Helen

16  Fairchild consented to Defendants' unlawful and unconstitutional conversion of Plaintiffs'

17  personal property.

18

19  531.   Plaintiffs' have been harmed by Defendants' illegal possession of their personal property.

20

21  532.   Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC

22  Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's conduct was a

23  substantial factor in causing Plaintiffs' harm.

24

25  533.   Under the doctrine of respondeat superior, Defendants Storquest Parker LLC, BTC-

26  Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's

27  and those JOHN DOE and/or JANE DOE Defendants involved are liable to Plaintiffs Arogant

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§  12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 139 of  157       *Arogant Hollywood, et al v. Storquest Inc., et al*

Hollywood and Alison Helen Fairchild for actual and punitive damages given that Defendants and possibly others', intentional infliction of emotional distress upon Plaintiffs Arogant Hollywood and Alison Helen Fairchild as aforesaid.

534.   **WHEREFORE,** Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's on the twenty-first claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees in this action.

**TWENTY-SECOND CLAIM FOR RELIEF---INJUNCTIVE RELIEF SOUGHT BY PLAINTIFFS AROGANT HOLLYWOOD & ALISON HELEN FAIRCHILD TO ENJOIN DEFENDANTS ALEXIS LICEA, STORQUEST PARKER LLC, BTC-STORQUEST, BTC-STORQUEST LLC, STORQUEST INC., TYRONE GRACE, STORQUEST RANCHO CUCAMONGA & DOES 1-10**

535.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-534.

536.   At all relevant times, Defendants' Caucasian and Anglo property managers, supervisors and employees were employed by and were fully involved with the interest of having Arogant Hollywood and Alison Helen Fairchild discriminated against and removed from their 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage premises permanently.

537.   Plaintiffs Arogant Hollywood and Alison Helen Fairchild will suffer irreparable harm unless

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 140 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

Defendants and all its employed agents are ordered to modify policies, practices and procedures regarding the admission of African-American men and disabled women to conform with the rights and privileges provided by the statutes and regulations referenced herein, above, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have no adequate remedy at law to redress the discriminatory conduct of Defendants.

538.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild will suffer irreparable harm unless Defendants and all its employed agents are ordered to modify policies, practices and procedures regarding the admission of African-American men and disabled women to conform with the rights and privileges provided by the statutes and regulations referenced herein, above, Plaintiffs Arogant Hollywood and Alison Helen Fairchild have no adequate remedy at law to stop Defendants from illegally selling Plaintiffs' personal property within their two Storquest Rancho Cucamonga self-storages, Units # 327 and # 342. Unless this Court orders Defendants' to cease violating the California self-storage act, **California Business & Professions Code §§ 21703, 21705, and AB-1108 Self-service storage facilities. (2017-2018),** Plaintiffs will suffer irreparable harm when Defendants illegally sell Plaintiffs' personal property located at 11998 Arrow Route, Rancho Cucamonga, CA, Units # 327 and # 342.

539.    The general public will irreparable harm unless Defendants are ordered to stop their unlawful, unconstitutional and discriminatory business practices in the state of California. Many minorities and disabled persons will suffer irreparable harm and a violation of their civil rights under Title II of the Civil Rights Act of 1968, and Title III of American Disabilities Act of 1990 unless Defendants are ordered to stop their discriminatory policies and conduct at all their Storquest self-storage facilities in the United States, and are ordered to cease its plans to wrongfully remove Plaintiffs Arogant Hollywood and Alison Helen Fairchild from the premises of Plaintiffs' two self-storage units, Units # 327 and # 342, located at 11998 Arrow Route, Rancho Cucamonga, CA 91739.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 141 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

540.    Injunctive relief is warranted in this case because Defendants are reckless and have zero regard to obeying federal and state statutes. As the many lawsuits filed against Defendants in this court show, see *Dennen v. Storquest* (**1:18-cv-02738**), *Holbach v. The William Warren Group, Inc.* et al (**8:15-cv-01387**), and *Taylor v. Hayward Self=Storage* et al (**4:17-cv-01424**). , Defendants have zero regard for the civil rights of citizens in the United States of America and operate as a corrupt corporation with the approach of: *"We'll do whatever we want now, you can sue us later."*

541.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore seeks injunctive relief to redress the injuries suffered at the hands of Defendants. and all their employed agents.

542.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore seeks injunctive relief to redress the injuries suffered at the hands of Defendants and for the sake of protecting the general public of protected class of Americans by enforcing Title II of the Civil Rights Act of 1968 and Title III of the American Disabilities Act of 1990, punishing Defendants for fraudulent, oppressive, malicious and discriminatory conduct.

543.    Plaintiffs Arogant Hollywood and Alison Helen Fairchild therefore seeks injunctive relief to cease, stop, disband and cancel Defendants' illegal and unconstitutional planned and conspired public auction sale of Plaintiffs' personal property inside of Storquest Rancho Cucamonga, 11998 Arrow Route, Units # 327 and # 342, Rancho Cucamonga, CA, 91739.

544.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's on the twenty-second claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages, together with costs and attorneys' fees

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 142 of  157        *Arogant Hollywood, et al v. Storquest Inc., et al*

in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild respectively prays for judgment on the above-alleged causes of action against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's as follows:

1. That the Court declare the respective rights and duties of Plaintiff Arogant Hollywood and Defendants as to the modifications of Defendants' policies, practices and procedures regarding the reasonable accommodation of an African American male who has been discriminated against by Defendant;

2. That the Court declare the respective rights and duties of Plaintiff Alison Helen Fairchild and Defendants as to the modifications of Defendants' policies, practices and procedures regarding the reasonable accommodation of a Caucasian disabled woman who has been discriminated against by Defendants;

3. Enter a declaratory judgment finding that Defendants' actions described above constitute discrimination based on Plaintiff Arogant Hollywood's race, national origin, ethnicity, or ancestry, and violate 42 U.S.C. §§ 1981, 1985 and 1986;

4. Enter a declaratory judgment finding that Defendants' actions described above constitute discrimination based on Plaintiff Alison Helen Fairchild's disability and/or handicap, and violate 42 U.S.C. §§ 1981, many state laws, and American Disabilities Act of 1990;

5. Enter a declaratory judgment finding that Defendants' actions described above constitute a violation of Plaintiffs' constitutional first amendment rights to freedom of speech;

6. Declare that Defendants conduct in contract with Plaintiff Arogant Hollywood violates non-discrimination provisions of Title II of the Civil Rights Act of 1968;

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 143 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

7.    An order awarding Plaintiff Alison Helen Fairchild actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for <u>each and every day</u> Defendants refused to accept rent from Plaintiffs Alison Helen Fairchild and Arogant Hollywood, and damages for discrimination for each day since Plaintiffs were trespassed from Defendants' 11998 Arrow Route, Rancho Cucamonga, CA Storquest Rancho Cucamonga self-storage facility;

8.    An order awarding Plaintiff Arogant Hollywood actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for <u>each and every day</u> Defendants refused to accept rent from Plaintiff Hollywood;

9.    An order awarding Plaintiff Arogant Hollywood actual and/or statutory damages for violation of civil rights and for restitution for each and every offense and for <u>each and every day</u> Plaintiff was discriminated against and treated differently than other similarly situated white tenants;

10.    Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants misconduct alleged in this civil rights complaint;

11.    Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

12.    Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior;

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 144 of  157    *Arogant Hollywood, et al v. Storquest Inc., et al*

13.   Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Arogant Hollywood in

an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants for the intentional, willful, wanton, and reckless misconduct alleged in the civil rights complaint and that would effectively deter Defendants from future discriminatory behavior;

14.   Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper;

15.   Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

16.   Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Mr. Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

17.   Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discrimination behavior;

18.   Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discrimination behavior;

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 145 of 157     *Arogant Hollywood, et al v. Storquest Inc., et al*

19. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for being deprived of her right to occupy her two self-storage units, Units # 327 and # 342, and make or enforce contracts with Defendants regardless of her

perceived disability, including damages for fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury;

20. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for being deprived of his right to occupy his two self-storage units, Units # 327 and # 342, and make or enforce contracts with Defendants regardless of his perceived race, color, national origin, ethnicity, or ancestry, including damages for fear, humiliation, embarrassment, mental anguish, pain and suffering, inconvenience, and financial injury;

21. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's   and DOES 1-10;

22. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of negligence as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's;

23. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the torts of negligent intentional infliction of emotional distress, as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

24. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of negligent intentional infliction of emotional distress, as

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 146 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

25. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of negligent supervision and/or retention as alleged against Defendants Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

26. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligent supervision and/or retention of emotional distress as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

27. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of gross negligence; as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

28. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of gross negligence; as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's;

29. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of civil conspiracy as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's;

30. Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of civil conspiracy as alleged against Defendants Alexis

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 147 of  157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

31.  Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of conversion as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

32.  Award Plaintiff Arogant Hollywood damages in an amount to be determined at trial to compensate him for the tort of conversion as alleged against Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10;

33.  Award both Plaintiffs statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10's, and reckless conduct and effectively deter Defendants from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title II of the Civil Rights Act of 1968 and the American Disabilities Act of 1990, in the future;

34.  Pursuant to 42 U.S.C. § 1983, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

35.  Pursuant to 42 U.S.C. § 1983, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

36.  Pursuant to 42 U.S.C. § 1985, award compensatory damages to Plaintiff Arogant

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 148 of 157      Arogant Hollywood, et al v. Storquest Inc., et al

Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

37.  Pursuant to 42 U.S.C. § 1985, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

38.  Pursuant to 42 U.S.C. § 1986, award compensatory damages to Plaintiff Arogant Hollywood in an amount determined by the jury that would fully compensate Plaintiff Hollywood for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendant's misconduct alleged in this civil rights complaint;

39.  Pursuant to 42 U.S.C. § 1986, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants' misconduct alleged in this civil rights complaint;

40.  Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Arogant Hollywood in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint, and that would effectively deter Defendant from future unconstitutional behavior;

41.  Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 149 of 157     *Arogant Hollywood, et al v. Storquest Inc., et al*

and DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in the civil rights complaint and that would effectively deter Defendants from future unconstitutional behavior;

42.     Plaintiff Arogant Hollywood seeks an order providing injunctive relief permanently enjoining Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 from engaging in the unequal treatment of African American/black patrons by treating them differently than white patrons in violation California Civil Code §§§ 51, 51.5, 51.6 & 52.1;

43.     Plaintiff Alison Helen Fairchild seeks an order pursuant an order providing injunctive relief permanently enjoining Defendants Alexis Licea, Tyrone Grace, Storquest Parker LLC, BTC-Storquest, BTC Storquest LLC, Storquest Inc., Storquest Rancho Cucamonga and DOES 1-10 from engaging in the unequal treatment of disabled/handicapped persons by treating them differently than non-disabled/handicapped patrons in violation of California Civil Code §§§§§ 51, 51.5, 54, 54.1 & 54.3;

44.     Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood actual damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

45.     Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood statutory damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

46.     Pursuant to California Civil Code § 52. Award Plaintiff Arogant Hollywood actual damages for each and every day since June 16, 2018 that Plaintiff Hollywood has been deterred from occupying his two self-storage units, Units # 327 and # 342, located at 11998 Arrow Route, Rancho Cucamonga, California, that may be determined by a trial

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 150 of 157        *Arogant Hollywood, et al v. Storquest Inc., et al*

jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

47. Pursuant to California Civil Code § 52. Award Plaintiff Alison Helen Fairchild statutory damages for each and every day since early June, 2019 that Plaintiff Fairchild has been deterred from occupying her two self-storage units, Units # 327 and # 342, located at 11998 Arrow Route, Rancho Cucamonga, California that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

48. Pursuant to California Civil Code § 52 and *Munson v. Del Taco Inc., (2009) 48 Cal 4th 661, 667.* Award Plaintiff Alison Helen Fairchild actual damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damages but in no case less than ($ 4,000);

49. Pursuant to California Civil Code § 54 *et seq.* (CDPA), & § 54.3. Award Plaintiff Alison Helen Fairchild actual damages for each and every offense, that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of statutory damage but in no case less than ($ 4,000);

50. Pursuant to California Civil Code § 54 *et seq.* (CDPA) and § 54.3. Award Plaintiff Alison jury, Helen Fairchild statutory damages for each and every offense, that may be determined by a trial or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

51. Pursuant to California Civil Code § 54 *et seq.* (CDPA) and § 54.3 Award Plaintiff Alison has Helen Fairchild actual damages for each and every day since June 16, 2018, that Plaintiff Fairchild has been deterred from occupying her two self-storage units, Units # 327 and # 342, located at 11998 Arrow Route, Rancho Cucamonga, California that may be determined by a trial jury, or a court without a jury, up to a maximum of three times the amount of actual damage but in no case less than ($ 4,000);

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 151 of 157   *Arogant Hollywood, et al v. Storquest Inc., et al*

52. Award Plaintiff Arogant Hollywood compensatory and punitive damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 20,000,000** or such greater amount as may be set by a jury;

53. Award Plaintiff Alison Helen Fairchild compensatory and punitive damages, including damages for emotional distress, humiliation, physical pain and suffering, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 20,000,000** or such greater amount as may be set by a jury;

54. Award Plaintiff Arogant Hollywood general damages for pain and suffering, mental and emotional trauma and anguish, as alleged herein according to proof;

55. Award Plaintiff Alison Helen Fairchild general damages for pain and suffering, mental and emotional trauma and anguish, as alleged herein according to proof;

56. Award Plaintiff Alison Helen Fairchild prejudgment and post-judgement interest;

57. Award Plaintiff Arogant Hollywood prejudgment and post-judgment interest;

58. Pursuant to 42 U.S.C. § 1981, *et seq*, 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Alison Helen Fairchild her reasonable attorneys' fees and costs;

59. Pursuant to 42 U.S.C. § 1981, *et seq*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Arogant Hollywood his reasonable attorneys' fees and costs; and

60. Award Plaintiffs Arogant Hollywood and Alison Helen Fairchild their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law;

61. To preliminary and permanently enjoin Defendants from auctioning Plaintiffs' personal property in the near future;

62. Enter a permanent injunction directing Defendants to rent, negotiate and accept rental payments from Plaintiffs at their real property premises 11998 Arrow Route, Rancho

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 152 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

Cucamonga, CA; Units # 327 and # 342, Rancho Cucamonga, CA, 91739;

63. Enter a permanent injunction directing Defendants to cancel their illegally planned auction of Plaintiffs' personal property in the near future;

64. Order all other and further relief as the Court may deem equitable, just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Alison Helen Fairchild demands a trial by jury for all issues triable by jury.

Plaintiff Arogant Hollywood demands a trial by jury for all issues triable by jury.

**Respectfully Submitted,**

DATED: October 2, 2019

**Arogant Hollywood**

**Alison Helen Fairchild**

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 |42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 153 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

**VERIFICATION OF PLAINTIFF AROGANT HOLLYWOOD**

United States of America

State of California

City of Ontario, California, Within the County of San Bernardino

I, **AROGANT HOLLYWOOD**, being duly sworn, say:

I, AROGANT HOLLYWOOD, am the lead plaintiff in the above-entitled action and proceeding. I have read the foregoing **VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF for: VIOLATION OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C. §§§§ 1981, 1983, 1985 & 1986]; VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, NEGLIGENCE PER SE, & CONVERSION** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 154 of 157      *Arogant Hollywood, et al v. Storquest Inc., et al*

1   **I declare under the penalty of perjury under the laws of the United States of America that**

2   **the foregoing is true and correct.**

3

4   DATED:  **October 2, 2019**

5

6                                             **Arogant Hollywood, Plaintiff in Lawsuit**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 155 of  157       *Arogant Hollywood, et al v. Storquest Inc., et al*

**VERIFICATION OF PLAINTIFF ALISON HELEN FAIRCHILD**

United States of America

State of California

City of Ontario, California, Within the County of San Bernardino

I, **ALISON HELEN FAIRCHILD**, being duly sworn, say:

I, ALISON HELEN FAIRCHILD, am a plaintiff in the above-entitled action and proceeding. I have read the foregoing; **VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF for: VIOLATION OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968 [42 U.S.C. §§§§ 1981, 1983, 1985 & 1986]; VIOLATION OF TITLE III OF THE AMERICAN DISABILITIES ACT OF 1990 [42 U.S.C. § 12101, 12203] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51, et seq[ THE UNRUH CIVIL RIGHTS ACTS] (denial of access to full and equal accommodation, advantages, facilities, privileges and services); VIOLATION OF CALIFORNIA CIVIL CODE § 51.5, VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE § 52.1; DISCRIMINATION OF THE CIVIL RIGHTS ACT of 1964 [ 42 U.S.C. § 1985] (conspiracy to interfere with civil rights); 42 U.S.C. § 1986 (neglect to prevent deprivation of rights); VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE SUPERVISION AND/OR RETENTION; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, GROSS NEGLIGENCE, NEGLIGENCE PER SE, & CONVERSION** and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 156 of 157 *Arogant Hollywood, et al v. Storquest Inc., et al*

1   I declare under the penalty of perjury under the laws of the United States of America that

2   the foregoing is true and correct.

3

4   DATED:  October 2, 2019

5

        Alison Helen Fairchild, Plaintiff in Lawsuit

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Verified First Amended Complaint for Damages Injunctive Relief, and Declaratory Relief for Violation of the American With
Disabilities Act of 1990 [42 U.S.C. §§ 12101, 12203, Violation of Cal Civ. Code §§ 51, 54, 54.1 & 54.3, et seq., et seq, Violation of
Unruh Civil Rights Act, Violation of Cal Civ Code § 52.1, 42 U.S.C. §§§§ 1981, 1983, 1985, & 1986, Civil Conspiracy, Negligence,
Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, & Conversion
–Page 157 of  157       *Arogant Hollywood, et al v. Storquest Inc., et al*