UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AROGANT HOLLYWOOD, et al., <br> Plaintiffs <br> v. <br> STORQUEST INC., et al., <br> Defendants. | Case No. 5:19-cv-01890-JGB (GJS) <br><br> **ORDER DENYING MOTION AND DISMISSING ACTION WITHOUT PREJUDICE** |

On October 2, 2019, Plaintiffs filed a civil complaint against six named Defendants and various "Doe" Defendants [Dkt. 1, "Complaint"]. Plaintiffs thereafter paid the filing fee for this action [*see* Dkt. 8]. On November 18, 2019, United States Magistrate Judge Gail J. Standish issued an Initial Order governing pretrial proceedings in the case [Dkt. 17, "Initial Order"]. Among other things, the Initial Order (at 3) expressly advised Plaintiffs as follows:

> Plaintiffs must serve the summons and Complaint on all named Defendants in this action within 90 days from the filing date of the Complaint. Plaintiffs must file proof of service within 15 days of the date of service. If service is not completed within 90 days from the filing of the Complaint, the Court may dismiss this action in whole or against unserved defendants. Fed. R. Civ. P. 4(m). Service of the summons and Complaint must comply with Rule 4 of the Federal Rules of Civil Procedure.

The Rule 4(m) deadline for this action expired on December 31, 2019, and Plaintiffs failed to provide any evidence to the Court that they had effected service of process, as required by the Initial Order. On January 13, 2020, Magistrate Judge Standish issued an Order to Show Cause Re: Possible Dismissal Under Rule 4(m) [Dkt. 19, "OSC"]. The OSC noted the passage of the Rule 4(m) deadline, that no Defendant had appeared, and that there was no evidence that Plaintiffs had attempted to effect service of process. The OSC ordered as follows:

> If Plaintiffs wish this action to proceed, then by no later than February 3, 2020, they shall file a response to this Order, in which they must: establish that they actually have effected service of process within the Rule 4(m) period; or if not, request an extension of the Rule 4(m) period, explain why they have not timely effected service of process, and set forth good cause for their noncompliance with Rule 4(m) and this Court's Initial Order. Absent a timely response establishing good cause, this action may be dismissed under Rule 4(m).

(OSC at 2.)

On January 17, 2020, Plaintiffs filed a "Declaration of Due Diligence" [Dkt. 20], in which a process server states that on January 3, 2020, he delivered the Summons and Complaint (with verifications) to someone named "Michelle C. as Executive marketing," who he stated was authorized to accept service of process on behalf of Defendant Storquest Inc. On February 3, 2020, Plaintiffs filed a Response to the OSC [Dkt. 24, "Response"] and a Motion For Extension Of Time [Dkt. 23, "Motion"].

In the Response and the Motion, Plaintiffs state the following. On October 11, 2019, both Plaintiffs personally served copies of the Summons and Complaint on the registered agents for Defendants Storquest Inc., BTC-Storquest LLC, Storquest Parker LLC, and Storquest Rancho Cucamonga (the "Four Entity Defendants"). On an unspecified date in early November 2019, Plaintiff Hollywood mailed copies of the Summons and Complaint, along with a waiver form, to the Four Entity Defendants. The Four Entity Defendants did not respond. On January 2, 2020,

2

Plaintiff hired a process server to serve Defendant Storquest Inc., as is reflected in the above-noted January 17, 2020 filing. Plaintiffs assert that the Rule 4(m) deadline did not expire on December 31, 2019, as Magistrate Judge Standish had advised them, because there were holidays in November and December 2019, and in January 2020, and thus, the Rule 4(m) 90-day deadline had not expired by January 2, 2020. Plaintiffs have not yet served the two individual named Defendants, because they have not been able to locate them. Plaintiffs also state that they plan on seeking default judgments against the Four Entity Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts must *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m); *see also In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992) ; *see also Townsel v. County of Contra Costa*, 820 F.2d 319, 320 (9th Cir. 1987) (plaintiff's ignorance of Rule 4 is not good cause). Similarly, the fact that a plaintiff is pro se does not in itself constitute "good cause" for his or her failure to effect service within the Rule 4(m) deadline. *Systems Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

As a threshold matter, Plaintiff's contention that the Rule 4(m) 90-day period is not actually 90 days and is extended by the occurrence of holidays is incorrect. As the Federal Rule of Civil Procedure make clear, when "the period is stated in days," "count every day, including intermediate Saturdays, Sundays, and legal holidays." Rule 6(a)(1)(B), Fed. R. Civ. P. Plaintiffs' Rule 4(m) period expired on December 31, 2019. Thus, their assertion that the January 3, 2020 effort by the process server

was timely is mistaken.

Plaintiffs' other assertions do not come close to establishing the good cause required under Rule 4(m) to excuse their failure to effect service of process and to extend the Rule 4(m) period. Their October and November 2019 efforts plainly did not constitute valid service of process, because as the Federal Rules of Civil Procedure make clear, a "party" may not serve the summons and complaint. Rule 4(c)(2), Fed R. Civ. P. Had Plaintiffs reviewed Rule 4, they would have known this. Moreover, had they bothered to comply with the Initial Order and "file proof of service within 15 days of the date of service" as they were required to do, perhaps Magistrate Judge Standish could have advised them of the ineffectiveness of their effort, but their noncompliance with her Order precluded this from happening. In any event, Plaintiffs alone are responsible for reviewing and following the pertinent federal rules. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (failure of pro se litigant to follow procedural rules justified dismissal of civil rights action). Plaintiff Hollywood's failure to "locate" the two individual named Defendants also does not constitute good cause. His Complaint shows that he is aware of their employment location and he does not proffer any evidence that he has made any attempt to ascertain any other address for serving them.

By Rule 4(m) itself and by the Initial Order, Plaintiffs were clearly advised of the Rule 4(m) deadline and of their obligation to effect service of process within that deadline or risk dismissal of this action. Given the advice provided to Plaintiffs, their extensive litigation experience,[1] and the warning that dismissal could occur

---

[1] Plaintiffs have filed numerous other lawsuits in this District in which they have been able to serve the defendants with process. *See, e.g.*, Case Nos. 2:18-cv-01642-JGB (GJS); 2:18-cv-02098-JGB (GJS); 2:18-cv-03676-JGB (GJS); 2:18-cv-05607-JGB (GJS); 5:18-cv-01664-JGB (GJS); and 5:18-cv-01822-JGB (GJS). Thus, there is no apparent excuse for their failure to do so in this case.

unless they effected service of process on a timely basis, there simply is no good cause for Plaintiffs' failure to meet their service of process obligations. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (the district court did not abuse its discretion in dismissing an unserved defendant in a prisoner's civil rights action when the prisoner failed to provide the U.S. Marshal with sufficient information to serve the defendant); *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985) (*per curiam*) (opining that Rule 4(m)'s time limit "is intended to force parties and their attorneys to be diligent in prosecuting their causes of action," and because plaintiff did not contend that he attempted to serve defendants, was confused about the requirements of service, or was prevented by effecting timely service by factors beyond his control, a dismissal for failure to serve process was justified, even though plaintiff's claim therefore became time-barred).

Based upon Plaintiffs' conduct, this action is stalled. As Plaintiffs failed to establish good cause for an extension of the Rule 4(m) deadline, their Motion is DENIED, and Rule 4(m) mandates that this action be dismissed without prejudice.

Accordingly, for the foregoing reasons, IT IS ORDERED that this action is dismissed, without prejudice, pursuant to Rule 4(m).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 12, 2020

_____
JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

5